ELIAS SWICKARD v. ALEXANDER BAILEY.

*Error from Leavenworth County.*

3  507
42  246
3  507
o68  587

In an action brought in ———, A. D. 1865, upon a cause of action arising in Ohio, accruing Oct. 1st. A. D. 1854, where it was alleged that defendant absconded from that state, was not in Kansas prior to 1861, and then concealed himself, it was *held* that the limitation act of 1855, except where suits had been commenced prior to April 1st, 1858, was repealed by the second title of the Code which then took effect.

*Semble*, acts creating prescriptions operate to vest title to property in the possessor, and a repeal thereof under certain circumstances, if effectual, would divest him of vested rights, but *held* that acts of limitation are laws of the forum and operate only upon the remedy and can have no extra territorial effect nor application to claims or parties not within its jurisdiction during the existence of the laws, [9 How. U. S., 407,] and are entirely under the control of the legislature, with the single limitation that they shall not be made to impair the obligation of contracts while professedly designed to operate on the remedy.

The obligation to perform a contract never ceases until it is discharged; limitation laws do not apply to that. When these laws are repealed with no saving clause, in the absence of constitutional provision, the inability to bring a suit simply, is thereby removed, and the parties placed as though no limitation had existed. *Semble*, the obligation is not thereby revived, it not having been extinguished. There is no constitutional prohibition here, from reviving a right of action by the repeal of limitation laws.

There can be no vested right to avoid payment of just debts, but in construing statutes and repealing acts of limitation, we should avoid if possible, depriving a party of a bar already had.

The fact that one exception was made in the Code of 1858, is strong evidence of intent to include no other.

*Semble*, only by virtue of section 29 Civil Code of 1859, is an action in this state prohibited upon claims barred by the law of another state where the cause of action arose. Decision sustaining demurrer reversed.

The questions in this case arose in an action brought in ——— 1865, the petition in which, alleged that the defendant in the state of Ohio, executed his promise in writing to pay money on the 1st day of October 1854, and before the maturity of his paper the said defendant absconded from the state of Ohio leaving the debt unpaid. That from that time until about 1861, said Bailey was

still concealed from his creditors and a resident of Missouri or some other state,—neither Ohio nor Kansas,—but kept himself so concealed until the spring of 1865, when for the first time since 1854, his whereabouts became known to plaintiff.

The defendant answered, pleading the limitation of two and of three years. The plaintiff replied *setting up facts* tending to establish exceptions provided in the limitation law, to which reply a demurrer was interposed, and the demurrer sustained. From the ruling of the court below sustaining the demurrer, the case is brought to this court.

*W. P. Gambell,* for plaintiff in error, submitted:

1st. The rights of parties under the contract are governed by the law of Ohio, where the contract was made. 7 *Mo.,* 241; *Ang. on Lim.,* 72.

2d. The remedy, by the law of the forum. 7 *Mo.,* 241; *Ang. on Lim.,* 69, sec. 65.

3d. The two years limitation relied on, was not passed until Feb. 10th, and the three years, Feb. 11th, 1859.

I. Even under section 28 of Code of 1859, the statute does not commence to run until defendant comes into the state. The debt accrued while defendant was absent from Kansas. He should have shown by answer that he had been in Kansas the full time of the limitation, before suit was brought. 6 *Abb. Dig.,* 362; 3 *Gil. R.,* 537; 4 *Id.,* 125; 2 *Stat. Ill.,* 732; *Ang. on Lim.,* 71, sec. 65.

II. The coming into the state must be notorious to raise the presumption that the debtor might have been sued or that plaintiff knew of his presence. 3 *Parsons,* 96; 16 *Pick.,* 359; 1 *Aiken,* 282; 6 *Seld.,* 96; 1 *Pick.,* 263; 3 *Mass.,* 271; 2 *U. S. Dig.,* 810, sec. 394-5-6-7-9, 401, 402, 3, 415-16-17.

III. Section 28 of Code of 1859, makes absconding and concealing, &c., an exception to the sections limiting the time for bringing actions. The reply in this case fully

set forth the facts sustaining the exceptions contemplated in that section. They apply as well to non-residents as to residents. 3 *Parsons Contr.*, 95, *note "a," pp.* 96-98; 17 *Mass.*, 180; 3 *Id.*, 271; 10 *John*, 464; 3 *Gill. & John*, 158; 5 *U. S. Dig.*, 364, *sec.* 357, *cit.* 7 *Mo.*, 241, 473; 2 *U. S. Dig.*, 810, *secs.* 392-3-4, *cit.* 8 *Mo.* 233; 9 *U. S. Dig.*, 323, *sec.* 96-7; 13 *Id.*, 468, *secs.* 87-8-9; 17 *Id.*, 365, *sec.* 112; 20 *Id.*, 646, *sec.* 247; *Ang. on Lim.*, 200, 206.

The two years statute is alike subject to the above exceptions.

IV. 1st. The defendant could not have been sued while the limitation of 1855 (L. 1855, p. 95) was in force. The reply shows he was out of the state. Does the law of 1855 control? The right to protection under a law arises from liability to obey it. Defendant can claim nothing under that law.

2d. Statutes of limitation simply raise a presumption of payment. 3 *Pars. Contr.*, 63.

3d. The time commenced to run when defendant came into the state, or after the concealment had been removed.

4th. Before the law of 1855 can be available, the defendant must show that there was a time while it was in force when suit could have been commenced under it. *Ang.*, 61, *sec.* 54; *Id., p.* 67, *sec.* 62-3; *Id., p.* 401, *sec.* 485; *Id. p.* 21, *sec.* 22; *Id.*, 603, *sec.* 448; 12 *Wend.*, 157; *Parsons on Contr.*, 90, 92.

5th. Limitations run only against sleeping creditors. *Benedict's Admiralty*, 317.

V. 1st. The statute in force at the time of the commencement of the action, governed. 6 *How.*, 602.

2d. That act is not retroactive. 2 *Kans. R.*, 135; *Ang.* 20, *sec.* 22.

3d. An act of limitation not giving any time within which to commence action, is void. 12 *Wend.*, 137; *Ang.*, 21, *sec.* 22; 3 *Kans.*, 135.

VI. At common law the plaintiff might sue at any

time, unless restrained by statute.  *Ang. on Lim.*, *p.* 16, *sec.* 16, *cit. Lord Ellenborough.*

VII.  A party has no vested right in the statute of limitations, but is subject to the *lex fori.*  *Ang.*, 64, *sec.* 67; 3 *Parsons Contr.*, 63; 3 *Pet.*, 280.

*Clough & Wheat,* for defendant in error, submitted:

The cause of action accrued more than three years before April 1st, 1858.  As a reasonable time in which the plaintiff might have brought action elapsed before the three years statute of 1858 took effect after its passage, that law became applicable, and as more than three years elapsed after the cause accrued before the act of 1858 was repealed, all suits on said cause of action were barred by it.  4 *Wis.* 17, 18; 2 *Carter,* (*Ind.*,) 486; 22 *Pick.*, 430; 13 *Pet.*, 64; 3 *Littell,* 218; *Ang. on Lim.*, 19, *note*; *Laws* 1855, 96, *sec.* 4.

Inasmuch as the act of 1855 did not except these causes of action from its operation for grounds set forth in the reply, therefore the court cannot, and it is immaterial where defendant was during the time the statute created a bar.  *Stanley* v. *Earle,* 5 *Lit.*, 282, 285, 6; 18 *Ill.*, 92; 19 *Id.*, 395; 20 *Johns.*, 33; 9 *How. U. S.*, 522; 18 *Curt.*, 249; *Ang. on Lim.*, *secs.* 485 *to* 488.

The repeal of the act of 1855, did not revive a right to sue on the cause of action.  *Sprecker* v. *Wakeley et al.*, 11 *Wis.*, 432 *and cases there cited.*  8 *Blackf.*, 506; 2 *Carter,* (*Ind.*,) 647; 3 *Lit.*, 137; 5 *Met.*, 400; 1 *Eng.*, 495-6; *Ang. on Lim.*, 19, *note.*

*By the Court,* CROZIER, C. J.

It is claimed by the defendant in error, that upon the pleadings, the action in the court below was barred by the limitation law of 1855.  It there appears that the claim upon which suit was brought, originated in the state of Ohio in 1854; that the defendant absconded therefrom;

that he was not in the territory of Kansas prior to 1861; that he concealed himself until recently, and that the time of limitation prescribed by the act of 1855 expired before the repeal of that statute. That act contained no exception on account of the absence from the territory of the defendant. Under such circumstances was that action barred?

The act of 1855, except as to suits commenced prior to April 1st, 1858, was repealed by the Code which took effect that day. Had the suit been commenced after the limitation had expired and before April 1st, 1858, a plea setting up the act of 1855, would have been a good defense notwithstanding the defendant had come into the territory for the first time upon the day upon which the suit was brought. Then the case, Bank of Alabama v. Dalton, (9 How. U. S. Sup, Ct. Rep., 522,) cited and relied upon by counsel for defendant, would have been in point. In that case the act pleaded was in force at the time the plea was filed, and was in that particular, similar to the case supposed. In the case at bar, however, the situation was very different. At the time it was sought to be made available, the act of 1855 had been repealed for seven years, without any saving clause that would include this action. No causes of action being saved except those upon which suit had already been commenced.

But it is insisted by counsel for the defendant that inasmuch as the act of 1855 remained in existence a length of time sufficient to have barred the right of action, to hold that it did not apply to this cause of action, would be to incorporate therein an exception against the defendant, not contemplated by the legislature. We do not so understand it. Acts of limitation are laws of the forum applying to the remedy. They can have no extra territorial effect. They can have no application to claims or parties, unless they shall be brought or come within the jurisdiction during the existence of the laws. If neither

shall be within the state during the time a limitation law is in force, but are brought within it after its repeal, the law is as to such, as though it never had existed. It is very manifest that a law of one state cannot be pleaded in bar of an action in another state. (*Townsend* v. *Jernison*, 9 *How.*, 407.) This upon the principle that state laws affecting the remedy have no extra territorial effect. It is true that an action cannot be maintained in this state upon a claim that is barred by the laws of another state wherein it arose, but this is because the statute of this state so provides. If the 29th section of the Code were repealed it would not be pretended that such a defense could be made available.

Hence it does not follow that to hold that the law of 1855 does not apply to this case, is to incorporate therein an exception not provided for by the legislature.

There is another view of the case equally fatal to the claim of the defendant. It would doubtless be bad policy for the legislature to do so, but it is abundantly competent to sweep every act of limitation from the statute books, and that too, without saving clauses of any description. They being merely laws effecting the remedy, the legislature has complete control over them with the single exception that they shall not be made to impair the obligation of contracts while professedly designed to operate upon the remedy.* The time of bringing suits may be increased or decreased indefinitely within the limit mentioned above. The obligation to perform a contract never ceases until it is discharged. Limitation laws do not apply to that. It continues, although under the law no suit can be maintained to enforce it. When the law that deprived the party of his remedy thereon is repealed, the obligation of the contract is not thereby revived. That never was extinguished. But the inability to maintain a suit to enforce it is removed. The situation of the parties

*See Auld and Auld v. Butcher and Butcher, 2 Kans. Rep., 135.

is as if the law had never existed, unless there be saving clauses. Justice would require that when a statute of limitation is repealed, clauses should be inserted saving it as to all claims barred thereunder. The legislature may, however, decline to do so, nevertheless its action will be valid. It thereby, illegally interferes with no vested right.

Many persons are misled by failing to observe the distinctions between the effects of acts creating prescriptions and acts of limitation, merely. The former operate under certain circumstances, to vest the title to property in the possessor, to the same extent and effect that a purchase and conveyance would do; and a repeal thereof would, if effectual, divest him thereof, thereby directly interfering with vested rights. The latter operate solely upon the remedy, and may be changed, modified or repealed without affecting vested rights. It would be somewhat paradoxical to say that a man has a vested right to avoid the payment of a just and legal debt.

In construing statutes repealing acts of limitation, the rule is to avoid if possible, that construction which will deprive a party of their benefit where they have already become a bar, but where the action of the legislature will not fairly admit of such interpretation, the court is not at liberty to substitute its views of right for the positive action of the lawmaking power.

The legislature of 1858 substituted the second title of the Code for the legislation upon limitations of 1855, but it was not done without a saving clause. It was provided that the new law should not apply to actions already commenced, but that the old law should be applicable thereto. This action shows conclusively that the legislative mind was directed to the subject we are considering. The provision is not as broad as in the judgment of many it should be, but the fact that any exception at all was made, is strong evidence that no other or greater one was intended. At all events, according to the most familiar of

the canons of interpretation, the court is bound to say, that having mentioned one exception, all others were intended by the legislature to be excluded.

If this view of the law be correct, it follows that the limitation prescribed by the statute of 1855, cannot be made available as a defense, except in cases where suit had been commenced before its repeal.

In coming to this conclusion we have not overlooked the authorities cited by counsel for the defendant in this case, and by other counsel in other cases upon the same question. By reference to the cases most relied upon, where the courts have denied to the legislature the power to revive a right of action by the repeal of the statute constituting a bar, it will be found that there were constitutional provisions prohibiting such action by the legislature. There is no similar prohibition in the constitution of this state. The other cases were upon the subject of statutory construction and not. constitutional powers. We admit the propriety of submitting whatever views we may have upon the subjects therein discussed to the test of a comparison therewith, and shall not hesitate to do so, when a question shall arise to which they can be considered applicable.

We decline to express an opinion upon the other questions discussed by counsel upon the orthodox ground that " sufficient to the day is the evil thereof."

The judgment of the District Court sustaining the demurrer to the sixth reply of the plaintiff, will be reversed.

All the justices concurring.