# REPORTS OF CASES

DETERMINED IN THE

# SUPREME COURT,

## AUGUST TERM, 1874.

---

### JOHN SOUTHWELL, RESPONDENT, v. JOSEPH BEEZLEY, APPELLANT.

STATUTE OF FRAUDS.—Where a contract by its terms may be performed within one year, and when it is within the contemplation of the parties that such a contingency was not only possible but probable, the case is not within the Statute of Frauds.

PERFORMANCE—WHAT CONSTITUTES A QUESTION FOR THE JURY.—The delivery of a certain number of sheep being essential to a performance of contract, it depends upon the peculiar circumstances of the case whether such delivery should be by a precise technical separation and counting of the sheep, or whether a delivery may not be made by a delivery of a greater number, including the number called for in the contract, and this is a question which may properly be left to the jury.

APPEAL from Wasco County.

The complaint alleges that about March, 1873, the parties hereto made a contract by which appellant was to sell respondent six hundred ewe sheep, and respondent was to pay therefor such price as he should pay for other sheep which he proposed to purchase in the fall of that year. Said sheep were to be delivered to respondent September

1, 1873, and respondent was to pay appellant for the same within three years, and as soon as he could make the money out of said sheep. That there was also a further understanding, that respondent should, in connection with William Beezley, the son of appellant, get a suitable sheep-ranch, and put up hay thereon during the summer of said year; that appellant was to let his son William have six hundred head of ewe sheep, and he, defendant, was to furnish twelve hundred head of sheep, and the three lots of sheep aforesaid were to be placed in one band and kept together, which band was to contain the several interests of the three parties aforesaid; that with the intent to carry out his agreement with appellant as aforesaid, he left employment where he was getting fifty dollars per month and his board, and in connection with said William Beezley, on or about the 20th of May, 1873, did hunt up and purchase a good sheep-ranch, and did furnish the same with proper farming implements, which cost respondent, in money paid out by him, about the sum of seven hundred dollars; that respondent has employed his time in securing and improving said ranch, and putting up hay thereon, from May 20 to October 30, 1873; that in pursuance of his said contract with appellant, on or about the 5th day of September, 1873, appellant did deliver and turn over to respondent the sheep he had bargained for and purchased as aforesaid, and at the same time and place has delivered the said six hundred sheep for said William, and twelve hundred head of sheep that were to be kept and herded for appellant; that after said delivery said sheep remained in the possession of respondent and said William Beezley, in pursuance of said contract, and thereafter respondent continued to give his time and service in herding and caring for said sheep, until the 30th day of October, 1873, when said appellant, disregarding his said contract, took the respondent's said sheep from him, and held and kept the same, and has converted the same to his own use.

The complaint contains several allegations of special damages. These allegations are all denied in the answer. The separate answer of the appellant alleges that appellant

made a contract with the firm of Beezley & Southwell, which was not performed or entered upon, and that the same was not in writing, and was not to be performed in one year, and was therefore void by the Statute of Frauds, and it alleges a settlement between the parties about the 30th of October, 1873.

It also alleges that the contract sued on was for personal property, of the value of more than fifty dollars, and was not in writing, nor was it in part performed.

The reply denied the copartnership and settlement set up in the answer.

Judgment was rendered for the respondent, upon a verdict in his favor.

The other facts and the errors relied upon in the appeal are stated in the opinion of the Court.

By the Court, SHATTUCK, J.:

Most of the argument in this cause has been directed to the question of the delivery of the sheep. Counsel for the appellant do not, however, abandon the position indicated by the pleadings and bill of exceptions, that this cause falls within the provisions of the Statute of Frauds, relating to contracts which are not to be performed within a year.

Upon these points we hold in this case that this contract, so far as paying for the sheep was an element, might, by its very terms, have been performed within the year; and it was within the contemplation of the parties when it was made that such a contingency as Southwell's ability to pay and payment in fact within the year, was not only possible but probable. If so, the case is not within the statute.

Upon the question of delivery, the counsel insist upon a precise technical separation and counting out of the six hundred sheep, in order to fix any rights of Southwell under the contract. While the position of counsel may be correct as a general rule, we do not think it controls in this case; for this case had its own peculiar circumstances. The question of delivery was properly left to the jury to say whether, upon the facts in the case, the acts performed by

the parties were intended by them to operate as a delivery. Upon these points there was no error.

But we think there was error in giving the instruction numbered "second," of those asked by plaintiff's counsel. That instruction is as follows: "If the jury find that the parties plaintiff and defendant entered into the contract alleged in the complaint, and the defendant failed and refused at any time to carry out the same, the question as to whether or not there was a complete, delivery of the sheep, does not affect the validity of the contract."

The whole case of the plaintiff rests upon the alleged fact of sale and delivery (in the qualified and peculiar manner set forth) of the sheep, and the fact that defendant did deliver them, in the manner intended by the parties, was one to be kept continually in view, and if there was no delivery, such as the parties contemplated, there could be no recovery. We think that this instruction should not have been given. If it did not operate to take away from the consideration of the jury the question of delivery, it no doubt diverted their attention from a due consideration of this important point.

We also think that there was error in the fourth general instruction given by the court. That instruction seemed to submit the question of sale and delivery, *in law and in fact*, to the jury, and they were told in substance that if they found that there was no sale or delivery in law and in fact, yet if the defendant, by his own acts, led the plaintiff to believe that there was, and he, acting on that belief, so managed his business and so devoted his time as to incur loss, if the sale and delivery were not consummated according to his expectations, he might recover compensation for his expenses and losses.

Upon a different state of facts, or upon a complaint differently framed, that instruction might have been proper, so far as the measure of damages is set forth; but the case before us is predicated entirely upon the theory of a sale and delivery of the sheep, and this instruction, like the one referred to above, we think might have misled the jury, and

caused them to take a view of the case altogether too general, and one not authorized by the pleadings.

For these reasons, we think the judgment should be reversed and a new trial ordered.