Argued July 18, affirmed September 10, 1918.

## HOOD v. SEACHREST.

(174 Pac. 734.)

**Limitation of Actions—Accrual—Discovery of Fraud.**

1.  Running of statute in action at law for fraud and deceit is not postponed to discovery of fraud, in view of Section 3, L. O. L., basing limitations in actions at law from accrual of cause of action with exceptions, but none as to fraud, and Section 391, making such exception in suit for fraud.

[As to fraud at law as preventing the operation of the statute of limitations, see note in 60 Am. Dec. 511.]

From Multnomah: CALVIN U. GANTENBEIN, Judge.

Department 1.

This is an action for damages for fraudulent misrepresentations.

The complaint, which was filed on February 24, 1917, alleges in substance, that on March 1, 1910, the defendant and three others were the joint owners of certain lands, the record title to which was in Nelson Fleming; that on that day, influenced thereto by the solicitations and representations of the defendant, plaintiff entered into a contract for the purchase of a portion of such land known as Tract 71, containing 13.31 acres, upon which she made an initial payment of $500, and thereafter made the deferred payments as they matured, aggregating $1,667.75, and on March 19, 1913, received a deed therefor. It is then stated,

"that the plaintiff entered into said contract and purchased said tract of land because of and by reason of the statements and representations made by the defendant to the plaintiff with reference to and concerning the character, quality, location and nature of said land, and the nature and adaptability of the soil

thereof for the growing of apples, and the maintenance of a commercial apple orchard thereon, and because of the representations of said defendant with reference to and concerning the number of acres in said tract planted to apple trees, and the quality of said apple trees,. and other statements and representations of material facts hereinafter set out.''

Then follow detailed averments of false statements, among which are: That 9½ acres of the tract were planted in apple trees of the choicest varieties for commercial purposes, when in fact there were not more than seven acres of apples, of inferior varieties wholly unsuitable for a commercial orchard; that defendant was experienced in and thoroughly familiar with the business of growing and marketing apples, that he knew the quality, character and nature of soil requisite for the successful growing of apples for the market; that he was familiar with the soil of the Hood River district and that Tract 71 was superior thereto in every particular; that said tract of land was a first-class apple orchard and ideal for the maintenance of a commercial orchard, when, in fact, it is located on the south slope of a steep hill, exposed to an ocean breeze, and is wholly worthless for the purpose of growing apples; that by the time the trees were five years old they would produce a full crop of apples, which, at normal prices, would be worth from three to five thousand dollars, if plaintiff would follow the advice and directions of defendant in the care and cultivation of the orchard; that plaintiff did follow the advice and directions of defendant, but that the orchard has never produced any fruit, although now more than seven years old. There are several other allegations of false and fraudulent statements made by defendant, but it is not necessary to enumerate them.

It is alleged that these statements were known by the defendant to be false when he made them, and that they were made for the purpose of inducing the plaintiff to purchase the land; that she relied upon them, was deceived thereby, and suffered the consequent damage for which she seeks compensation.

It is further averred that at the time of entering into the contract, plaintiff was a new-comer in Oregon, ignorant of the kind of soil and climatic conditions necessary for successful apple production, and had no knowledge as to the character or location of said tract, all of which was known to defendant, who knew that plaintiff relied wholly upon his statements and intended that she should; that upon the failure of the orchard to produce a crop when it was five years old, plaintiff inquired of defendant as to the reason therefor and he told her that the trees had been purposely pruned back and prevented from bearing while young in order that they might bear more abundantly when older, and, relying upon this explanation, plaintiff made no further investigation, but relied wholly upon defendant's statements, and continued to do so until the summer of 1916, when said orchard again failed to produce fruit, when she began an investigation and discovered, for the first time, that she had been defrauded. There are several elements of damage upon which plaintiff seeks to recover, such as the difference between the purchase price of the land and its actual value, the interest thereon, the money expended in cultivation, and the difference between the value of the land as it was represented, and its actual value. Defendant filed a demurrer to the complaint as follows:

"(1) That there is a defect of parties defendant.

"(2) That several causes of action have been improperly united.

"(3) That the complaint does not state facts sufficient to constitute a cause of action against the defendant.

"(4) That the action has not been commenced within the time limited by code of the State of Oregon.

"(5) The complaint shows on its face that 3 years and 19 days after the plaintiff entered into a written contract with Nelson Fleming, for the purchase of the land, about which she alleges the defendant made false and fraudulent representations, plaintiff ratified said agreement, surrendered said agreement, and received a deed and title to said land.

"(6) That the complaint shows on its face that the action is for fraud and there is no allegation of rescission of the contract, or restitution.

"(7) The complaint shows on its face that the cause of action, if any, arose prior to March 1, 1910, and by paragraph XIII, the defendant is to be charged with the default and miscarriage of another: Section 808, subdivision 3.

"(8) The complaint attempts to allege an injury to the rights of the plaintiff by defendant, not arising on contract, and under Section 8, L. O. L., the action is stale and should be dismissed."

This demurrer was sustained by the trial court, and plaintiff refusing to plead over, there was a judgment for defendant, from which plaintiff appeals.

Affirmed.

For appellant there was a brief over the names of *Mr. Nels Jacobson* and *Mr. T. M. Morris,* with an oral argument by *Mr. Jacobson.*

For respondent there was a brief over the names of *Mr. James N. Davis* and *Mr. W. W. Dugan, Jr.,* with an oral argument by *Mr. Davis.*

BENSON, J.—1. There is but one point in the demurrer which possesses any merit, and that is the con-

tention that the statute of limitations has run against plaintiff's cause of action, and this is the only question which we deem it necessary to consider. In doing so, it may be remarked that in the investigation of this subject we have received no assistance whatever from the brief of either party. It is conceded that Section 8, L. O. L., fixes two years as the time within which actions of this character must be begun, and the complaint discloses that the false representations are charged to have been made in March, 1910, and that this proceeding was not begun until February, 1917.

Plaintiff contends that in actions for fraud and deceit the statute of limitations does not begin to run until the injured party discovers the falsity of the representations, or could have done so by the use of due diligence. While this position is uniformly held to be correct as regards suits in equity, there is much conflict in the authorities as to its application in actions at law. There is much variety in the phraseology of the several statutes, and still greater variety in the reasoning of the courts in reaching their contrary conclusions. In many of the states the interpretation of the law which is urged by plaintiff has been expressly adopted by statute. In many others it has been held, in the absence of a statutory provision to the contrary, that the limitation of time begins to run as soon as the right of action accrues, and that this occurs when the injured party acts upon the fraudulent representations.

Our own statute reads as follows:

"Actions at law shall only be commenced within the periods prescribed in this title, after the cause of action shall have accrued; except where, in special cases, a different limitation is prescribed by statute. But the objection that the action was not commenced within the

time limited, shall only be taken by answer, except as otherwise provided in Section 68'': Section 3, L. O. L.

This section is followed by the various time limits, and then by the exceptions, of persons under disability such as minors, insane persons, those imprisoned on criminal charges, etc., but no mention is made of cases involving fraud and deceit. This legislation was enacted as a part of the Civil Code in 1862, and as a part of the same act, we find Section 391, L. O. L., which reads, in part, as follows:

"A suit shall only be commenced within the time limited to commence an action as provided in Chapter II of Title I of this Code; * *.. In a suit upon a new promise, fraud, or mistake, the limitation shall only be deemed to commence from the making of the new promise or the discovery of the fraud or mistake."

When we read these two sections together, it is obvious that the legislature intended that the rule adopted in law actions is to differ from the one followed in suits in equity. It will also be observed that while exceptions to the general effect of Section 3, L. O. L. were considered by the legislature, the Code is silent as to any exception in the case of fraud and deceit. This also is a convincing fact in the discussion. In *Swickard* v. *Bailey,* 3 Kan. 507, 513, the court, in discussing this question, says:

"This action shows conclusively that the legislative mind was directed to the subject we are considering. The provision is not as broad as in the judgment of many it should be, but the fact that any exception at all was made, is strong evidence that no other or greater one was intended. At all events, according to the most familiar of the canons of interpretation, the court is bound to say, that having mentioned one exception, all others were intended by the legislature to be excluded."

We conclude, then, that in the present case, the plea of the statute of limitations was well taken, and the demurrer properly sustained. The judgment is affirmed.                                        AFFIRMED.

BURNETT, HARRIS and JOHNS, JJ., concur.