Circuit Court for Clackamas County, March Term, 1868.

A. F. HEDGES *v.* WM. STRONG, Administrator of the Estate of Amory Holbrook, Deceased.

Statute of Frauds.—To bring a contract within the Statute of Frauds, relating to parol agreements not to be performed within a year, it must appear to be necessarily incapable of performance within that time.

Pleading.—Where the statute declares a promise void unless in writing, it is not necessary to allege in the complaint that the promise is in writing.

New Consideration.—It is not necessary that the promise should be in writing, where the promise to pay the debt arises out of some new and original consideration of benefit moving between the newly-contracting parties.

Presumption.—If a note is found in the possession of the maker of the note, it raises a presumption that the note has been paid.

Idem.—The presumption is disputable.

_____

1 Affirmed on appeal. .

THE case is presented on demurrer to the complaint. The complaint charges that in 1860 the plaintiff held a promissory note of $16,000 and interest, made by one David McLaughlin; that said McLaughlin at that time sold a valuable tract of land to one Daniel Harvey, receiving as part of the consideration said Harvey's notes to the amount of $16,000, which latter notes Harvey deposited with said Amory Holbrook, giving to the latter power to act as said Harvey's agent; that the plaintiff, Hedges, commenced an action against said McLaughlin on the first mentioned note, and caused garnishee process to be served on both said Harvey and said Holbrook. Whereupon, said Holbrook, in open court, in order to procure a discharge of the garnishee process, promised to Hedges that he would pay Hedges the amount due to Hedges on the note as soon as the money should be made out of the notes left with him by Harvey, over and above money sufficient to pay certain designated claims and the attorney's fees owing by Mc-Laughlin to Holbrook; and thereupon the garnishee process was discharged. The complaint charges that Holbrook received the requisite amount of money, but, although requested, did not pay, etc.

The ground of demurrer is that the complaint does not state facts constituting a case of action.

*S. Huelat,* for the plaintiff.

*Wm. Strong,* for the defendant.

UPTON, J.  Two distinct grounds of defense, under the statute of fraud, are presented in the argument: 1st, That the contract was not to be performed within one year; 2d, That this is a promise to pay the debt of another, and is not in writing.

The first position is not sustained.  The authorities are conclusive that the statute embraces only such promises as, by their terms, *are not to be performed* within the time. And does not embrace cases in which it may happen that performance will be required within the time, in pursuance of the terms of the contract.  (1 Smith's Leading Cases, 435.)

"To bring a contract within the statute of frauds, relating to parol agreements not to be performed within a year, it must appear to be *necessarily incapable* of performance within that time." (*Artcher* v. *Zeh.*, 5 Hill 200.)

Before disposing of the second point, it may be proper to refer to a position taken by the plaintiff; that if the promise would otherwise be within the statute, the fact that it was made by an attorney, while acting in his official capacity, and in the presence of the court, and that it was the predicate of an order discharging the attachment, it is binding.

The cases cited from 41 Barb. 648, and 4 Sanf. Ch. 438, refer to promises and representations made in the progress of the same cause, where enforcement was asked. It seems reasonable and necessary that the court, under such circumstances, should have power to compel a party, and, especially, an attorney of the court. But this court cannot take judicial notice of what transpired in another court, and a resort to parol evidence, to show that the promise was made in open court, is as objectionable as resorting to parol to show that it was made at all. To make such a promise the foundation of a new action, would be open to all those objections of uncertainty, which caused the enactment of the statute.

This question might be disposed of, upon the ground, that although on the trial of an issue written evidence of the promise would be required, yet it is not necessary to allege in the complaint that there is a writing. But the case has been argued upon the assumption that the promise rests in parol, and it is evident that the same question would arise on the trial, if not passed upon at this time; it is as well to treat the case as if it appeared on the face of the complaint that the promise was not made in writing.

The sufficiency of the complaint, then, must turn upon the question, whether within the meaning of the statute, this is only a promise to pay the debt of another.

The plaintiff claims that it is a new and original contract, founded on a consideration moving, not between the parties to the first contract, but between Mr. Holbrook and

the plaintiff, and that the consideration was both a benefit to Mr. Holbrook, and a harm to the plaintiff.

For the purpose of illustration, law writers have pointed out three classes of cases, and drawn the lines of demarkation as follows:

"1st. Where the promise is collateral, but is made at the same time, and is a ground of the original credit.

2d. Where the collateral promise is subsequent, and not an inducement to the creation of the debt.

3d. Where the promise to pay the debt of another, arises out of some new and original consideration of benefit, moving between the newly contracting parties."

The first two classes are within the statute of frauds, but the last is not. (*Leonard* v. *Vreden,* 8 John. 29.)

The distinction thus drawn by Chief Justice Kent is the recognized law, and is sustained by modern cases. The only inquiry necessary to make is whether the complaint shows a benefit to Mr. Holbrook to have been a consideration for his promise.

It seems that there was a garnishee process served upon Holbrook, which, if followed up as the plaintiff had a right to follow it, might have put Holbrook to trouble and expense, and might have resulted in a judgment against him. It can hardly be said that the discharge of the garnishee process, and dismissing the proceeding, was no benefit to Holbrook. There was a possibility that the act would not ultimately be an advantage to him, but the material point is whether he made the promise because of an expected benefit moving to himself, and whether, because of that expected benefit, he made a promise which caused the plaintiff to dismiss the proceeding under the attachment.

Had the garnishment been retained, it might have interfered with Holbrook's business of collecting and disbursing the money due from Harvey, and might have delayed the time of obtaining, if it did not diminish the amount of, the fees then being earned by Holbrook. And it might have diverted the business of making those collections from Holbrook and given control of the notes to the plaintiff.

I think the complaint shows a promise founded upon a

new consideration beneficial to Mr. Holbrook, and that the demurrer should be overruled.

The defendant filed his answer, denying the allegations of the complaint, and the cause being tried, the jury was instructed as follows:

The plaintiff founds his demand upon an alleged promise made by Amory Holbrook in his lifetime, that he, Holbrook, would pay the plaintiff the amount of money mentioned in the complaint. Under our statute, a contract, which by its terms is not to be performed within a year from the making thereof, is void; that is—if the terms of a contract shows that it cannot be performed within a year, it is void; but if such is not the case, and if, according to the terms of the contract, circumstances may arise that will make its performance due before the expiration of a year, it is not void by that statute, although not in writing. If you find that, in case Mr. Harvey had paid his notes before the expiration of the year, the terms of the agreement would have obliged Mr. Holbrook to perform its conditions in less than a year, it is not a case requiring the promise to be in writing, because of the time in which it is to be performed.

If this was a bare promise to pay the debt of another, it is void, because not in writing; for an unwritten promise to pay the debt of another, when there is no new consideration moving to the person who makes the promise, is void.

It is not binding unless there is in substance a new contract made. If a person, for the sake of an advantage to himself, promises to pay the debt of another, and by making the promise induces the person, to whom the promise is made, to forego some right or privilege because of the promise, the law treats such new promise as a new contract and as an original promise, founded upon sufficient consideration moving between the maker of the new promise and the person to whom it is made.

The debt thus incurred is not simply the debt of another, but the law treats the transaction as a new and original undertaking, entered into by the new party, upon a suffi-

cient consideration of benefit to the party making the promise. It is not material how great or how small is the advantage to be derived or expected on the part of the new promissor. It is sufficient if he deemed it of some advantage, and made the new promise in order to gain that advantage.

You will determine from the evidence what promise, if any, was made by Mr. Holbrook. What were its terms, and what considerations induced him to make it, and what are the facts in regard to the time it was to be performed. And if, under the law, as already stated, it was valid and binding, you will determine from the evidence whether the contingencies have happened under which performance could be required.

If you find that Mr. Holbrook has made a binding promise, you will determine from the evidence in the case what claims or notes against Mr. McLaughlin had been paid or accepted by Mr. Holbrook before his promise was made to the plaintiff, and whether he has received from Harvey more money than was necessary to cover the claims and notes so paid or accepted, together with Mr. Holbrook's individual claims against McLaughlin, and if more, how much more he has received. For Mr. Holbrook or his administrator could not, under any circumstances, be liable to the plaintiff for money that was necessary to satisfy his own demands, or those that he had accepted before the agreement was made.

The notes of Mr. McLaughlin, found among the papers of Mr. Holbrook, are offered by the defendant as evidence to show, or tending to show, that they had been paid or accepted by Mr. Holbrook.

If a note is found in the possession of the maker of the note, it raises the presumption that the note has been paid.

Whether these notes were held by Mr. Holbrook as agent for Mr. McLaughlin, is a question of fact for the jury. If Mr. Holbrook held them as agent for Mr. McLaughlin, his having possession of them raises the same presumption as if McLaughlin had held them. That is that they had been paid. Such a presumption is disputable by other evidence.

As to the *time when* these notes or any of them were paid, and the question whether the accepted demands were paid or accepted before or after the alleged promise, the jury are to determine from all the evidence in the case. (*a*)

---

CIRCUIT COURT FOR CLACKAMAS COUNTY, MARCH TERM, 1868.[*]

---

(*a*) The jury having been discharged without a verdict, a compromise was effected, and judgment entered by consent.

