CIRCUIT COURT FOR WASHINGTON COUNTY, MAY TERM, 1871.

—— ALBEE *v.* —— ALBEE.

PARENT AND CHILD—CONSIDERATION.—Where a father gives his minor son the privilege of working for himself and having whatever wages he may earn, and afterwards the minor voluntarily returns and labors on his father's farm until he becomes twenty-one years of age, the law does not imply a promise on the part of the father to pay wages to the son for the time during the minority.

IMPLIED PROMISE.—Where a son, on becoming of age, remains with his father and works for his father as an ordinary laborer on a farm under a parol

contract that he should receive land for his pay, and he does not receive the land, he is entitled to recover the reasonable value of his labor.

PLEADING—NEGLIGENCE.—In an action for work and labor, if the defendant seeks to show that the plaintiff did not labor diligently, he should raise the question by his answer.

PLEADING—PROMISE TO SELL LAND.—Although it is necessary that an agreement for the sale of land should be in writing, it is not necessary that the pleading should expressly aver that the agreement was reduced to writing.

THE complaint was for $40 per month, alleged to be the reasonable value of labor done by the plaintiff for the defendant at his request, from a specified day in 1868, for a period of two years.

The answer, in regard to each allegation of the complaint, contained a denial qualified by the words "except as hereinafter set forth."

The answer proceeded to set forth, that the plaintiff was the defendant's son; that during all the time set forth in the complaint, except the last six months thereof, the plaintiff was a minor.

That before the time mentioned in the complaint, the plaintiff had been a wayward and bad boy, and that he had wrongfully left his father's house. That the father, in hopes of benefiting his son, and to induce him to return to, and remain at his father's house, at the time first mentioned, mutually agreed with his son, the plaintiff, that the plaintiff should remain and work on the defendant's farm during the defendant's life. And that he should have as compensation all the proceeds of the farm except such as was necessary for the defendant's support, and at the defendant's death, should have the farm. And that all the work that had been done by the plaintiff, had been done for the plaintiff's benfit on said farm in pursuance of the said agreement.

The answer also stated that the plaintiff's labor was worth no more than the board, clothes and spending money furnished by the defendant to the plaintiff while the work was being done.

The plaintiff moved to strike out that part of the answer relating to the character of the plaintiff, as irrelevant and scandalous.

The motion was sustained.

The plaintiff demurred to the answer; that it did not appear that the promise was in writing.

UPTON, J.  *Held*, that although a promise for the sale of land is void unless in writing, it is not necessary to declare in the pleading that the promise is in writing.

The demurrer was overruled.

The replication denied making the contract set forth in the answer, admitted that such a plan had been talked of, during the plaintiff's minority, but averred that the defendant refused to enter into such a contract.  And averred that the defendant had previously given the plaintiff his time.

*R. E. Bybee* and *B. Killin,* for the plaintiff.

*Hare & Tongue,* for the defendant.

A jury being impanneled and sworn, the plaintiff, called on his own behalf as a witness, was asked:

How long did you work for the defendant?

*Mr. Hare*—I object, on the ground of irrelevancy.  It appears by the pleadings that the time was six months after his minority, and eighteen months before.

The objection was sustained.

Q.  How much was the labor worth?

*Mr. Hare*—I object to proving the value before the time of his minority.

Q.  How much was it worth during the last six months?

A.  It was worth $40 per month.

The defendant was called as a witness on his own behalf.

Q.  What was the bargain under which the plaintiff went to work for you?

*Mr. Killin*—I object to parol evidence of the contract set up in the complaint.

*Mr. Tongue*—We will show that the plaintiff went into possession under the contract.

The objection was sustained.

Q.  What was the plaintiff's board worth?

*Mr. Killin*—I object; there is no issue as to the price of board.

*Mr. Hare*—The answer denies that the work was worth more than the board, clothes and money furnished.

The objection was sustained.

Q. What was the reasonable value of the plaintiff's labor?

A. It was not worth anything.

Q. State what kind of work he did on the farm?

The question was objected to as irrelevant, and the objection sustained.

―――― *Albee*, sworn. I am a brother of the plaintiff. I lived on the farm most of the two years in question.

Q. How much was the work that the plaintiff did during the last six months worth?

*Mr. Killin*—I object to the question. There is no issue but the plaintiff did good work.

*Mr. Hare*—We have denied that the work was worth anything, except as in the answer stated; and we have stated that it was not worth so much as his board, and clothes, and the money furnished him. I think we are entitled to show that he was living with the old gentleman as he did before he became of age, and was not at work but a small part of the time.

*By the Court*—I think the kind or quality of service rendered is not put in issue. The real question to be determined is the reasonable value of farm labor at the time and place.

Q. What was the wages of farm hands at that time?

A. About $25 per month.

The Court gave the following instructions:

The law has provided that a contract for the sale of land which is not reduced to writing is void. For that reason, the contract which the defendant says he made, cannot be enforced, and we are compelled to treat the case as if they had not attempted to make the contract; or, at least, we cannot determine the compensation according to the terms of the contract the defendant sets up. The plaintiff claims that he ought to have wages for eighteen months of the time, for the reason, that before that his father had given him his time. If he had worked for a third party, that

might be a reason for his being entitled to receive the money earned, but when he voluntarily returned to his father, the law does not raise a presumption that his father promised to pay him what his labor was worth; it is more reasonable to presume that he and his father renewed their former positions toward each other. You will, therefore, disregard all that is said about the labor performed before the plaintiff became of age.

The plaintiff can only recover for work done after he became twenty-one years old. The parties have agreed that he worked six months after that time; and there is but one question of fact in dispute; that is: what was then the reasonable value of labor in the business of farming?

There has been some attempt to show that the plaintiff did not work continuously, and that he did not earn the wages of an ordinary farm hand; but that question cannot be tried in this case, and all evidence on that subject, when objected to, has been ruled out. It would be unreasonable and extremely inconvenient, if on every occasion on which a person sues for wages, he was compelled to be prepared to produce an array of witnesses to prove that he had lost no time, and that he had done all his work skillfully. The law has accordingly provided, that if the plaintiff is to meet these questions, the defendant must apprise him in his answer that defendant will dispute his skill and diligence. It is upon this ground that all evidence touching the kind or quantity of labor has been ruled out. The plaintiff is entitled to recover for six months' labor, at the customary rate of wages at the time and place.

The plaintiff had a verdict for $150.