BURRELL B. TAYLOR, RESPONDENT, v. T. PATTERSON & CO., APPELLANTS.

BILL OF EXCEPTIONS—WHEN APPEAL MAY BE SUSTAINED WITHOUT.—It is not a sufficient ground to dismiss an appeal, that no bill of exceptions was filed in the case, if any of the errors assigned otherwise appear upon the record.

PLEADING—COMPLAINT NEED NOT ALLEGE A CONTRACT IN WRITING FOR GOLD COIN.—Although our statute requires (or at least contemplates) that a contract for the payment of gold coin, to be valid, must be in writing, yet the rules of pleading in such cases do not require the complaint to allege that such agreement was in writing.

IDEM.—The statute above referred to, and commonly known as the "Specific Contract Act," does not operate to change the rules of pleading in actions to recover gold coin, but only requires a different character of evidence. *Query*. Whether the weight of authority does not maintain that a recovery may be had for gold coin, on a verbal agreement, independent of statutory aid?

APPEAL from Multnomah County.

This action was brought to recover the sum of $5788.50 in gold coin, claimed to be due as follows: "That heretofore, to wit, on or about the 29th day of June, 1871, the defendants, as copartners, under the firm name of T. Patterson & Co., entered into a contract with the plaintiff, and in writing requested him to engage in service for them, the defendants, in the capacity of editing and writing for the certain newspaper then and still published in Portland, Oregon, known and called the "Daily Oregon Herald," and the "Weekly Oregon Herald," and the defendants then and there promised and agreed to and with the plaintiff that they, the defendants, would pay plaintiff for such labor and

service all his expenses in removing from the town of Mexico, Missouri, to Portland, Oregon, and also the sum of $50 in gold coin per week, for each and every week that plaintiff should be so engaged in and upon said newspaper in the capacity aforesaid. The defendants also promised and agreed that the employment and service of the plaintiff aforesaid should be permanent."

Plaintiff then alleges that there is a balance due him of $15.50 in gold coin, for expenses in removing from Mexico, Missouri, to Portland, Oregon, and a balance of $829 in gold coin for his services as editor of the "Herald" newspaper at $50 per week.

Respondent also claims $1000 in gold coin as his commission for services rendered by him for appellants at their request, in negotiating the sale of the "Oregon Herald" newspaper concern to the "Oregon Herald Printing Company," in January and February, 1872.

Each of these allegations was denied. Upon the trial, the jury returned a verdict in favor of respondent for $650 in gold coin. Appellants moved for a new trial, which motion, after argument, was overruled, whereupon this appeal was taken. The notice of appeal specifies error in the refusal of the court to give instructions asked for by appellants, as well as other errors of law occurring at the trial.

No bill of exceptions, setting forth the errors complained of, is contained in the transcript. Respondent moved to dismiss the appeal upon this ground; but, after argument, the motion was overruled, for the reason that the fourth ground of error assigned appeared upon the record, to wit: "For error in rendering judgment in gold coin." Thereupon, by leave of court, the argument of this cause was heard upon the fourth ground of error, as above set forth, without printed briefs.

*E. D. Shattuck*, for Respondent.

*Thayer & Williams, and William Strong*, for Appellants.

By the Court, BONHAM, J.:

In this case it was argued, by counsel for appellants, that inasmuch as the complaint does not charge that there was a contract in writing between plaintiff and defendants for the payment of gold coin, the court erred in rendering judgment for gold coin, *non obstante verdicto.* Respondent's counsel argued that, by a fair construction of his pleading, in setting forth the count for services as editor of the "Herald" at $50 per week, it is averred that the contract for such service and compensation was in writing; but, that if the court should hold that such contract is not alleged to have been in writing, it would be immaterial, as such omission would not be fatal to plaintiff's right to recover gold coin. That, to recover upon a contract which the statute requires to be in writing, it is not necessary, by the rules of pleading, to so aver, but that it is only necessary to prove that the contract was in writing; and, that the presumption is, that such proof was adduced upon the trial.

Plaintiff, in his complaint as hereinbefore set out, only charges that defendants "entered into a contract with the plaintiff, and in writing requested him to engage in service for them * *. * as editor of the 'Herald' newspaper;" but does not directly aver that defendants undertook and promised in writing to pay $50 per week for such service in gold coin. By the rule which requires that a pleading shall be most strictly construed against the pleader, we do not think that any of the demands of plaintiff are sufficiently charged to have been based upon a contract in writing for the payment of gold coin.

The next question, then, is, whether it is necessary to the right to recover gold coin to aver that the contract for its payment was in writing. Some of the authorities hold that where the statute requires a contract to be in writing the pleading is defective which does not so aver. (*Estep et al.* v. *Burke et al.*, 19 Ind. 87; *Le Roy* v. *Shaw*, 2 Duer, 626; *Thurman* v. *Stevens*, Id. 609.)

And while there are some good reasons for the rule as laid down in the authorities above cited, and especially

as a matter of practice to avoid consuming time in a contro-
versy as to the sufficiency of the pleading, yet we are con-
strained to hold, from the preponderance of authorities,
that the rules of pleading do not require such averment.
(*Livingston* v. *Smith*, 14 How. Pr. R. 490: *Stern* v. *Drinker*,
2 E. D. Smith, 401; *Dewey* v. *Hoag*, 15 Barb. 365; *Washburn*
v. *Franklin*, 28 Id. 27; *Elting* v. *Vanderlyn*, 4 John. 237;
*State of Indiana* v. *Woram*, 6 Hill, 33; *Cozine* v. *Graham*, 2
Paige, 177; *Chaplin* v. *Parrish*, 11 Id. 405; *Lamb et al.* v.
*Starr*, 1 Deady, 350; *Hedges* v. *Strong*, 3 Or. 18.)

In the first case above cited (*Livingston* v. *Smith*, 14 How.
490), the plaintiff sued for the specific performance of a
contract for the sale of land, and omitted in her complaint
to set out that the contract of sale was in writing; to which
defendant demurred for that reason. Mr. Justice Harris,
in overruling the demurrer, said: "The pleader may be sup-
posed to know that when he alleges an agreement of this
description he alleges what has no legal existence if it be
not in writing. In the sense in which I am now considering
the question, the fact itself does not exist if there be no
written proof of it. When, therefore, as in this case, the
pleader alleges the existence of an agreement which would
be void if not in writing, it should be treated in pleading
like any other fact, and assumed to be true unless contro-
verted by the adverse party. If after this issue shall be
disposed of (the demurrer), the defendant shall see fit to put
in issue the existence of the agreement stated in the com-
plaint, the plaintiff will of course fail upon the trial of that
issue, unless she can prove her allegation by producing
written evidence of the agreement. She will fail, not for the
want of sufficient allegations to sustain her action, but for
want of sufficient evidence to sustain such allegations."

In the case in hand, although the plaintiff demands judg-
ment for the entire sum claimed ($5788.50), in gold coin,
yet he fails to allege that the agreement was to pay coin for
any of the services rendered, except that of editing the
"Herald" newspaper at $50 per week, and for such service
he claims that there was due him a balance of $829 in gold
coin. The presumption then would be, in the absence of

any showing to the contrary, that the jury, in their verdict
for $650 in gold coin, based their finding on the claim of
plaintiff for a balance of $829 due him as editor of such
"Herald" newspaper.   In the absence, then, of any show-
ing that the jury erred in finding for gold coin, as expressed
in their verdict, or that the court erred in its judgment for
gold coin, based thereon, we find from the transcript of the
record on file no error in the proceedings of the court
below.\*

Judgment affirmed.

---

\* Another view of the question involved in this case is suggested by recent
decisions holding that, in the absence of any statutory authority, as embraced
in our Specific Contract Act (Mis. Laws, ch. 54, § 1), a judgment for gold
coin is authorized upon proof of a verbal contract for its payment.   But
without expressing an opinion on this view of the question, the attention of
those of the profession who may be interested in their perusal, is invited to
the following reported cases: *Chrysler* v. *Renois* (43 N. Y. 209); *Kellogg* v.
*Sweeney* (46 N. Y. 291); Aug. No. American Law Reg. 448.