Argued September 15, reversed and remanded September 28, 1920.

# SMITH *v.* JACKSON.

### (192 Pac. 412.)

**Action—One Prejudiced in Exchange of Property Might Raise Fraud and Sue on Contract.**

1. Plaintiff, who exchanged her farm for that owned by defendants, had a right to rely on her cause of action for breach of contract as alleged in her complaint, making no direct allegation of fraud, though fraud or mistake. might have been incidental to the substitution of farms charged against defendants.

**Pleading—Fact not Appearing from Complaint or Answer cannot be Basis of Motion for Judgment.**

2. Where it does not appear from the complaint· or answer whether the contract for exchange of farms relied upon by plaintiff was oral or in writing, Section 808, subdivision 6, L. O. L., cannot be taken advantage of by defendants on motion for judgment on the pleadings; if the fact appeared in the answer, it would have to be admitted by plaintiff before it could justify judgment for defendants.

**Frauds, Statute of—Declaration on Contract Within Statute Need not Allege Writing.**

3. A declaration or complaint on a contract required by the statute to be in writing need not allege that the contract was in writing; there being a presumption to such effect.

From Multnomah: GEORGE W. STAPLETON, Judge.

Department 2.·

This cause grows out of a trade of farms alleged to have been made between plaintiff and defendants. It is alleged:

That plaintiff was the owner of a farm in Marion County; that the defendants claimed to own a farm in Wasco County, and that a trade was arranged, the one for the other. The ·complaint· proceeds:

"Described, pictured, mapped and pointed out to plaintiff, through her said agent, a certain 320˙acres of land which they claimed the defendants owned and which is hereinafter referred to as Defendants' farm * * That plaintiff, after making inspection

under directions of defendants of the farm so pointed out by defendants, and, believing said farm to be owned by defendants, duly entered into a contract and agreement with defendants to trade and exchange said farms, the one in consideration of the other, wherein and whereby defendants agreed to make, execute, and deliver to plaintiff a good and sufficient deed, describing and conveying said 320 acre farm to plaintiff, in exchange for and as consideration for plaintiff's said farm, as aforesaid. * * That after full performance by plaintiff, defendants failed, neglected, and refused to perform or fulfill their part of said contract, in that they failed, neglected, and refused to convey to plaintiff said 320 acre farm, or any part thereof, except 175 acres thereof, and have at all times wrongfully failed and refused to further or fully perform the contract on their part, and have wrongfully breached and broken the same, in that, without the knowledge or consent of plaintiff, defendants omitted from a pretended deed as performance on their part a certain 100 acres of said cleared land of the value of $7,500, and also a certain 45 acres of said brush land of the value of $2,700, and in place of said omitted land, substituted, in lieu thereof, other and outside land to the amount of 145 acres.''

The defendants deny each and every allegation of the complaint and allege affirmatively that the contract was not made between defendants and plaintiff, but between defendants and plaintiff's husband. The answer also alleges that the proceeding is barred by the statute of limitations. The defendants also plead certain equitable defenses, which it will not be necessary to consider on this appeal. There is no allegation in the complaint as to whether the contract relied upon by the plaintiff was oral or in writing. There was a motion for a judgment on the pleadings, which was granted by the court, upon the theory that the action was based upon fraud and

fraudulent representations, and was barred by Section 8, L. O. L., providing that such actions shall be brought within two years. From this judgment the plaintiff appeals, claiming that the action essentially was one upon a contract and for a breach thereof, and that the plaintiff had a right to rely upon a breach of the contract, and disregard the fraud, if any.                    REVERSED AND REMANDED.

For appellant there was a brief and an oral argument by *Mr. W. D. Freeman.*

For respondent there was a brief and an oral argument by *Mr. James P. Stapleton.*

BENNETT, J.—There are two reasons to sustain the plaintiff's contention that the court erred in granting a judgment on the pleadings.

1. In the first place the plaintiff, we think, had a right to rely upon her cause of action for a breach of the contract, as alleged in the complaint. There is no direct allegation of fraud, and while fraud or mistake may have been incidental to the substitution alleged—if there was a substitution—yet if there was also a breach of contract, or failure to carry out the contract, the plaintiff under well-settled doctrine had a right to rely upon the breach and ignore the fraud.

2, 3. It is true that a contract of this kind in relation to the sale of real estate might, perhaps, be void under Section 108, subdivision 6, L. O. L., unless the same was in writing: *Hood* v. *Seachrest,* 89 Or. 457 (174 Pac. 734). But in any event this section cannot be taken advantage of upon a motion for judgment on the pleadings, where it does not appear from the complaint or answer whether the contract relied

97 Or.—31

upon by plaintiff was oral or in writing. Even if this fact appeared in the answer it would have to be admitted by the plaintiff before it could justify such a judgment.

In 20 Cyc. 308, it is said:

"A declaration or complaint on a contract, which is required by the statute of frauds to be in writing, need not contain an allegation that it is in writing. There is a presumption to that effect which will save the declaration on demurrer."

This is the general rule, and is the rule established in this state: *Hedges* v. *Strang,* 3 Or. 18; *Southwell* v. *Beezley,* 5 Or. 143; *Albee* v. *Albee,* 3 Or. 321.

It may be that the contract in this case will turn out to be only an oral contract, and in that event the plaintiff might possibly be embarrassed under her present pleadings. But, as we have said before, the court could not pass upon this question in a drastic way by judgment on the pleadings, unless the fact that the contract was oral admittedly appeared therefrom, which is not so in this case.

The judgment of the court below must be reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

McBRIDE, C. J., and HARRIS and JOHNS, JJ., concur.