Argued October 7, affirmed November 17, 1925.

# HELEN INGERSLEV v. CHARLES W. GOODMAN AND DORA GOODMAN.

### (240 Pac. 877.)

**Pleading—Granting of Right to Amend Pleading Discretionary.**

1. Under Section 102, Or. L., granting of right to amend complaint was discretionary, where effect of amendment was to limit, not to enlarge, the issues, and to restrict scope of plaintiff's proof, and did not substantially change the cause of action. .

**Appeal and Error—Striking of Allegation of Which Law Does not Permit Proof cannot Work Injury to Any Litigant.**

2. Allegation in pleading of fact that law does not permit proof of is nothing, and, when such allegation is stricken from pleading by amendment, no injury can result to any litigant therefrom.

**Frauds, Statute of—Complaint Need not Allege That Contract was in Writing—Proof Thereof Being All That is Essential.**

3. In action to enforce contract for five-year lease of real estate, complaint need not state that contract was in writing, as required under Section 808, Or. L., subdivision 6, there being presumption to that effect, and proof that contract was in writing is all that is essential to plaintiff's right to enforce it.

**Landlord and Tenant—Complaint in Action to Enforce Contract for Lease of Real Estate Held to State a Good Cause of Action.**

4. In action to enforce a contract for lease of real estate, *held* that allegations of complaint stated a good cause of action.

**Trial — Court Properly Instructed Jury That Lease was not in Accordance With Terms of Contract.**

5. Instruction of court that lease was not in accordance with terms of written contract was proper where this was so.

---

Appeal and Error, 4 C. J., p. 943, n. 81, p. 945, n. 99 New.
Frauds, Statute of, 27 C. J., p. 211, n. 34, p. 375, n. 80, 81.
Pleading, 31 Cyc., p. 399, n. 83, p. 401, n. 93.
Landlord and Tenant, 35 C. J., p. 1209, n. 44 New.
Trial, 38 Cyc., p. 1652, n. 98.

From Multnomah: GEORGE ROSSMAN, Judge.

Department 1.

AFFIRMED.

---

3.  See 25 R. C. L. 739.

For appellants there was a brief over the names of *Mr. G. E. Hamaker* and *Mr. A. D. Leedy,* with an oral argument by *Mr. Hamaker.*

For respondent there was a brief and oral argument by *Mr. J. F. Booth.*

RAND, J.—The defendants, who are husband and wife, were the owners of certain real property in the City of Portland upon which they had a three-story building that they desired to rent. Or December 12, 1921, they entered into an oral contract with plaintiff to make some alterations in said building and to lease the premises to her for a term of five years, and received from her a check for $100 for which they gave a receipt reciting that it was "to apply on rental" of said property. Three days later the parties prepared and signed a written memorandum of agreement by the terms of which defendants undertook to install a heating plant in said building and to make certain other stipulated repairs, alterations and improvements therein, and to lease the same to plaintiff for a term of five years commencing on January 1, 1922, at an agreed rental of $125 per month payable in advance, and plaintiff undertook to lease the building for said term, to pay said rental, and also advance and pay $100 upon the expenses of making said repairs, and also to deposit with defendants the further sum of $375 to be retained by defendants as security for the payment of the rental for the last three months of said five-year term. There was no stipulation in the writing as to the purpose for which the improvements of the building were to be made or as to the use which plaintiff was to make of it other

than to use it for lawful purposes. Plaintiff paid $75 towards the repairs and deposited said sum of $375 with defendants, and moved into the building with defendants' consent on or about January 1, 1922, and remained there until at or just before the commencement of the action. On or about February 21, 1922, defendants tendered to plaintiff a written lease which she refused to accept upon the ground that it did not conform to the written stipulations of the parties. Plaintiff thereupon commenced this action to recover damages for an alleged breach of the contract.

In addition to alleging substantially all of the foregoing facts, the complaint in substance alleges that the defendants contracted to remodel said building into an apartment house and to obtain from the City of Portland a permit authorizing plaintiff to use said building as an apartment house, which defendants have wholly failed and neglected to do. That defendants have also failed and neglected to fully construct the building in accordance with said agreement. The complaint also alleged "that the plaintiff has at all times been ready and is now ready, able and willing to carry out all of the terms of her agreement" and "that the defendants have failed and neglected to give the plaintiff possession of said premises or to enter into a lease with the plaintiff according to the terms of their agreement, but retain the money paid by the plaintiff to the defendants as aforesaid and refuse to carry out the terms of their agreement." It also alleges that plaintiff expended $200 in moving her furniture into said building and $2,500 in fitting up and furnishing the same, and by reason thereof has been damaged in the sum of $1,000 and demanded judgment for $1,650.

The answer denied most of the allegations of the complaint and sets forth a copy of the written agreement and of a lease dated February 21, 1922, which it is alleged was tendered to plaintiff. It also contains the following affirmative allegations:

"That on or about the 8th day of October, 1921, the defendants herein secured from the City of Portland, State of Oregon, by and through its Bureau of Buildings a permit to make certain alterations and additions to said premises known and designated as No. 714 East Madison Street in the City of Portland, Oregon, and soon thereafter the work and labor necessary to make said alterations and additions was commenced. * *

"That at the time the plaintiff and the defendants herein made and entered into said written agreement as hereinbefore set forth and alleged, the plaintiff had full knowledge of the said permit issued by the City of Portland, Oregon, to the defendants herein as set forth and alleged in paragraph II of this the defendants' further and separate answer and defense to plaintiff's complaint and of the alterations and additions allowed · to be made thereunder and the alterations and additions set forth in said written agreement were and are alterations and additions not provided for in said permit and the alterations and additions provided for in said permit and in said written agreement were and are the only alterations and additions to said premises to be made by the defendants herein and each, and every and all of said alterations and additions were fully made and completed in accordance with the terms of said permit and of said written agreement.

"That under and by virtue of the terms of said written agreement, as hereinbefore set forth, the defendants delivered to plaintiff the possession of said premises known and designated as No. 714 East Madison Street in the City of Portland, Oregon, on or

about the 1st day of January, 1922, and ever since said 1st day of January, 1922, the plaintiff has been and now is in the open and notorious possession, use and occupancy of said premises under said written agreement and not otherwise."

The reply admits the making of the alleged written contract as alleged in the answer; the tender of the lease denies the other allegations of the answer and alleges that the lease tendered was not in accordance with the written contract because containing terms and stipulations not provided for in the contract, and that for that reason plaintiff refused to accept the same. Under this state of the pleadings the cause went to trial before a jury, and on the trial plaintiff, over the objection of the defendants, was permitted to amend the complaint. The plaintiff had verdict for $550 and from the judgment on the verdict the defendants have appealed.

Defendants' first contention is that it was error for the court to permit the plaintiff, after the commencement of the trial, to amend the complaint by striking out portions thereof. Before the amendment the complaint alleged that defendants had contracted to remodel the leased building into an apartment house and to obtain from the City of Portland a permit authorizing plaintiff to use the building as an apartment house. If such an agreement was ever entered into it was not included in the terms of the written contract as subsequently drawn and entered into between the parties. At the trial plaintiff offered testimony tending to prove the truth of these allegations. Defendants objected to the introduction of this testimony upon the ground that the contract alleged, not being in writing, was within the statute of frauds and that testimony tending to prove such a contract

was therefore inadmissible. The court sustained the objection and excluded the testimony offered in support of these allegations, and thereupon the plaintiff moved and was granted permission to amend the complaint by striking out said allegations and to leave the other allegations of the complaint to stand.

1, 2. The effect of the amendment was to limit, not to enlarge, the issues, and to restrict the scope of plaintiff's proof, and, since it did not substantially change the cause of action, the granting of the right to amend was clearly within the sound discretion of the trial court under the provisions of Section 102, Or. L. Nor is it logical for defendants to contend that their objection to the introduction of this testimony was sound and at the same time that the striking out of the offensive allegations objected to was error, for, if the facts alleged were not susceptible of legal proof, it could only be so because proof thereof would be incompetent or because the facts alleged were wholly irrelevant and immaterial. An allegation in a pleading of a fact which the law does not permit proof of is nothing, and, in the nature of things, when such allegation is stricken from a pleading no injury can result to any litigant therefrom.

3, 4. It is also contended that the complaint, both before and after the amendment, failed to state facts sufficient to constitute a cause of action. The contract sued on is for the leasing of real property for a longer period than one year and is within the statute of frauds: Section 808, subd. 6, Or. L. Under the statute the contract is void unless the same or some note or memorandum thereof expressing the consideration be in writing and subscribed by the party to be charged or by his lawful authorized agent. The complaint failed to state, but the proof showed, that

the contract was in writing. It was not necessary for the complaint to allege that the contract was in writing, there being a presumption to that effect. Proof, therefore, that the contract was in writing was all that was essential to plaintiff's right to enforce it: *Hedges* v. *Strong,* 3 Or. 18; *Albee* v. *Albee,* 3 Or. 321; *Smith* v. *Jackson,* 97 Or. 479, 482 (192 Pac. 412). The complaint, even though not aided by verdict, was sufficient. It alleged, with sufficient particularity, that the plaintiff and defendants entered into a contract for the leasing of the premises involved; that plaintiff performed all of the conditions precedent of the contract, by her to be performed, up to the time that defendants failed to perform the conditions of the contract upon their part, which excused her from further performance; that defendants breached the contract, and that damages resulted to the plaintiff therefrom. These facts, if established by proof, were sufficient to entitle plaintiff to recover on the contract. The complaint, therefore, stated a good cause of action.

It is also urged by defendants that the court erred in not sustaining defendants' motion for a nonsuit, and in not directing a verdict for defendants, and in overruling their motion for a new trial. After a careful examination of the entire record we are unable to find any error in the rulings of the court upon any of said motions. There was competent evidence upon every material issue in the case and there was no error sufficient to entitle the defendants to a new trial.

5. But one other point need be considered. Defendants tendered to plaintiff a written lease as performance by them of their obligations under the contract. The court instructed the jury that this lease

was not in accordance with the terms of the written contract. Both of these writings are before us and an examination of the two instruments discloses that the lease does not conform to the requirements of the written contract. There was, therefore, no error in the court's instructions to the jury upon that question. Finding no error, the judgment is affirmed.

AFFIRMED.

McBRIDE, C. J., and BURNETT and COSHOW, JJ., concur.