Submitted on briefs March 1, reversed April 13, 1926.

## TIM BROWN *v.* J. W. SIEMENS.

(245 Pac. 510.)

**Frauds, Statute of.**

1. Section 809, Or. L., does not require that one relying on contract within statute of fraud must aver that it is in writing.

---

1. See 25 R. C. L. 739.

Pleading.

2. Whether plaintiff, suing on alleged false representations as to solvency of bank, has written evidence to support allegation cannot be determined by demurrer.

Fraud—Bank Depositor, Complaining of Loss by Fraudulent Representations of President as to Solvency, Need not Allege Claim was Filed With Superintendent of Banks or Tendered to President Before Suit.

3. Depositor, sustaining loss by reason of false representations of president of bank as to bank's solvency, may sue him to recover loss without necessity of alleging that claim was filed with superintendent of banks on bank being declared insolvent or that claim against bank had been tendered president before suit.

Pleading—Loss of Deposit by Fraud of Bank President Alleged in Complaint is Admitted by Demurrer, Which Does not Raise Question of Possibility of Recoupment from Defunct Bank.

4. Demurrer to complaint, alleging loss of deposit in bank by reason of false representations of solvency by president, admits loss of deposit, and does not tender question of possibility or probability that plaintiff may receive something in future from defunct bank.

Pleading.

5. A demurrer tests sufficiency of complaint, but does not try issues which may be joined by answer.

Fraud—Depositor, Claiming Damages for False Representations of President of Bank as to Solvency, Need not Allege Nonexistence or Distribution of Assets.

6. In action for damages by depositor of bank for loss of deposit caused by false representations of president as to solvency of bank, complaint need not allege that there were no assets of bank in hands of superintendent of banks or that receivership had been closed and assets distributed to depositors and stockholders.

Pleading.

7. Reasons for sustaining demurrer, not appearing on face of complaint, are not available for that purpose.

Fraud—Complaint Alleging False Representation by President of Solvency of Bank, Inducing Depositor to Keep Money on Deposit to His Damage, Held Sufficient.

8. Complaint alleging that depositor, suspecting insolvency of bank, desired to withdraw deposit, but that president of bank, for purpose of defrauding him, knowingly and fraudulently represented bank to be solvent, which induced depositor to leave his money on deposit to his damage, contains all elements of cause of action for false representations.

5. See 21 R. C. L. 504.

Fraud—Condition of Bank at Time of Filing Complaint Against
Officer for Loss of Deposit Due to False Representations Need
not be Alleged.

9. In depositor's action for loss of deposit, caused by false representations of president of bank as to bank's solvency, condition of bank at time of filing complaint need not be alleged; it being a matter of defense or in mitigation of damages.

Pleading—Evidence That No Loss was Suffered in Tort Action is
not in Issue on General Demurrer to Complaint.

10. In tort action, evidence tending to show that plaintiff has not suffered loss, or that diminishes loss he may have suffered, is pertinent, but not in issue on general demurrer.

Fraud—President of Bank is not Relieved from Liability for Loss
of Deposit by False Representations Concerning Solvency Because of His Inability to Pay Deposit on Demand (§ 6221,
Or. L.).

11. That president of bank could not pay depositor's demand for amount of deposit without violating Section 6221, Or. L., does not relieve him from liability for misrepresentations concerning solvency of bank inducing depositor to allow deposit to remain in bank.

Fraud — Whether Allegation, That President's Representation of
Bank's Solvency was False Shows Complaining Depositor to
have Suffered No Damage is not Submitted by Demurrer.

12. In depositor's action for loss of deposit due to false representation by president as to bank's solvency, question whether plaintiff's allegation that representation was false shows that demand for deposit could not have been complied with so that plaintiff suffered no damage is not submitted on demurrer.

Fraud—Allegations, in Depositor's Suit Against President of Bank
for Loss of Deposit, That Bank Transacted Business Ten Days
After Representations of Solvency, but Could not Then Meet
Current Obligations, Shows Damage to Depositor.

13. Depositor's complaint for loss of deposit, alleging representations by president that bank was financially sound, possessing sufficient money to pay plaintiff's deposit, but that in truth bank was insolvent, and could not meet current obligations, and that bank transacted business ten days after such representations, tends to show that bank could have paid depositor's demand for deposit.

Fraud—False Representations of Bank's Solvency Held not to Damage Depositor, if Bank Could not have Paid Him When They
were Made.

14. If bank could not have paid its debt to depositor at time of false representation by president of bank as to bank's solvency, inducing depositor to leave money in bank, depositor was not damaged by representations.

Frauds, Statute of — Representation by President of Bank as to
Bank's Solvency to Induce Depositor to Leave Money in Bank
Held Representation as to Credit or Character of Bank Within
Statute, Which Requires Some Written Evidence (§ 809, Or. L.).

15. Representation by president of bank to depositor as to solvency of bank, inducing depositor to leave money in bank, is "a

representation as to credit" or "character," within Section 809, Or. L., requiring such representations to be in writing to permit depositor's recovery thereon.

Frauds, Statute of.

16. Officer's representations about his corporation are within Section 809, Or. L., required to be in writing.

Frauds, Statute of—False Representation is Presumed to be in Writing, Where Complaint Thereon Does not Show That It is not in Writing (§ 809, Or. L.).

17. Under Section 809, Or. L., where complaint for fraudulent representation by president of bank did not show representation not to be in writing, representation, or some memorandum thereof, is presumed to be in writing.

---

Banks and Banking, 7 C. J., p. 562, n. 7.

Corporations, 14A C. J., p. 175, n. 78, p. 181, n. 67, p. 182, n. 68, 69, 70, 71.

Fraud, 26 C. J., p. 1192, n. 9; 27 C. J., p. 28, n. 59.

Frauds, Statute of, 27 C. J., p. 169, n. 75, 76, 80, p. 170, n. 85, p. 173, n. 40, p. 373, n. 35, p. 375, n. 80.

Pleading, 31 Cyc., p. 270, n. 96, 98, p. 322, n. 24, p. 333, n. 76.

From Klamath: A. L. Leavitt, Judge.

In Banc.

This is an action instituted to recover damages for alleged false representations made by the defendant to the plaintiff, whereby the plaintiff lost the sum of $3,057.11 on deposit in the First State & Savings Bank of Klamath Falls, Oregon, of which the defendant was president. A demurrer to the complaint, for the reason that it does not state facts sufficient to constitute a cause of action, was sustained. The plaintiff refused to plead further and his complaint was thereupon dismissed. The defendant alleges that the complaint is defective in this, that the complaint contains no averment of the following facts:

---

16. Applicability of statute requiring that representations as to another's credit must be in writing in order to sustain an action, see note in 13 L. R. A. (N. S.) 213.

"(1) That pursuant to notice given by the Superintendent of Banks the plaintiff filed his claim as required by law;

"(2) That said claim was by the said Superintendent of Banks allowed in full;

"(3) That there are no assets in the hands of said Superintendent of Banks which will be available for distribution, as dividends to the depositors, or if there are such assets, that they will be sufficient to pay no more than a certain definite percentage of plaintiff's claim;

"(4) That plaintiff has tendered his claim against said bank to the defendant before the commencement of the action."

The defendant also contends that the demurrer to the complaint was well taken for three reasons. First, because the statute of frauds, Section 809, Or. L., applies "fully"; second, because the complaint on its face fails to set forth any competent facts showing damage to plaintiff. It shows on its face that the action is prematurely brought. Third, because if the averment set forth in the complaint was true, a payment to plaintiff by the bank would have been void as a preference under the provisions of Section 6221, Or. L.

The complaint alleges as follows: First, that the defendant, J. W. Siemens, was during all the times in the complaint mentioned president of the First State & Savings Bank of Klamath Falls, a corporation duly organized under general laws of the State of Oregon, and duly authorized to do a banking business within the State of Oregon. Second, that on January 28, 1922, and for a long time prior thereto the said Tim Brown, plaintiff, had on deposit in said bank the sum of $3,057.11. Third, that about ten days prior to that date, the said Tim Brown became suspicious of the solvency of said bank and went to the

banking-house thereof and demanded from the defendant, president of said bank, the money owing him by said bank. Fourth, that for the purpose of deceiving, defrauding and bilking the plaintiff, the defendant then and there knowingly, falsely and fraudulently stated, represented, told and informed the plaintiff, the said Tim Brown, that the said First State & Savings Bank, of which he, the said J. W. Siemens, defendant herein, was president, was not insolvent, and was not in a failing condition, but that said bank was then and there solvent, was strong financially, and then and there had funds, in money of the United States of America, sufficient and adequate to meet any and all demands and obligations outstanding against said bank, and money sufficient and adequate to pay at any time and all times any and all demands of any and all of the depositors of said bank. Fifth, that plaintiff believed said statements, relied thereon and was induced thereby to leave his money on deposit in said bank instead of withdrawing the same as he intended to do when he demanded the same from the defendant as president of said bank.

"That said money, ($3057.11) has never been paid to the said Tim Brown, Plaintiff herein, by the First State & Savings Bank, nor has such sum ever been paid to the said Plaintiff by any official of said bank, nor has any part or portion of the said $3057.11 ever been paid to said Plaintiff by the Superintendent of Banks of Oregon, but said sum owing to the Plaintiff from said bank, owing to the false and fraudulent representations of the Defendant to this Plaintiff herein, are a total loss to said Plaintiff."

The allegations, regarding the fraudulent representations and the reliance thereon, are repeated in slightly different language in the complaint.

REVERSED.

For appellant there was a brief over the name of *Mr. Edward B. Ashurst.*

For respondent there was a brief over the name of *Messrs. Manning & Ganong.*

COSHOW, J.—1. The first reason assigned why the complaint is alleged to be fatally defective is that the representations, made by defendant to the plaintiff concerning the financial conditions of the bank, are not alleged to have been in writing. It is not necessary to allege that a contract within the statute of frauds is in writing. That is a matter of evidence. Section 809, Or. L., relied on by the defendant, is to the effect that no evidence is admissible. The statute does not require that one, relying on a contract within the statute of frauds, must aver that it is in writing: *Smith v. Jackson*, 97 Or. 479 (192 Pac. 412). The plaintiff is relying on alleged false representations. Whether or not he has written evidence to support the allegation cannot be determined by demurrer.

2–5. It is next contended that the plaintiff should have alleged that he filed his claim with the superintendent of banks, the complaint having shown that the bank was declared insolvent by that officer and taken in charge by him on January 28, 1922. He also contends in this same connection that the complaint should have shown that the plaintiff had tendered to the defendant, prior to the commencement of this action, plaintiff's claim against the bank. Neither of these contentions is sound. If the plaintiff sustained a loss by reason of the false representations of the defendant, he has a right to maintain an action for the purpose of recovering the amount so lost. The reasons above assigned by defendant in support of his

demurrer might be available in mitigation of damages, but are no part of plaintiff's cause of action. The question of the possibility, or even probability, that the plaintiff might receive something thereafter from the liquidation of the bank is not tendered by general demurrer to the complaint. The demurrer, however, admits the allegation in the complaint that said sum of $3,057.11 is a total loss to said plaintiff. In the face of that admission, the defendant cannot successfully contend on demurrer that plaintiff possibly or probably may receive something in the future from the defunct bank. The office of the demurrer is to test the sufficiency of the complaint, not to try issues which may be joined by an answer.

6, 7. Defendant contends that the complaint should have alleged that there were no assets of said bank in the hands of the superintendent of banks or that the receivership of said bank had been closed and its assets distributed among its depositors and stockholders. We do not believe these to have been necessary allegations in the complaint. This is an action for damages. The reasons urged for sustaining the demurrer do not appear on the face of the complaint and are not available for that purpose.

This court had under consideration recently a case involving the liability of the directors or officers of a bank for false representations resulting in loss to one relying thereon, where many authorities are collated: *Coughlin* v. *State Bank, ante,* p. 83 (243 Pac. 78).

The law is well stated in 14A C. J. 181, Section 1959, in this language:

"The directors or officers of a corporation are liable for their fraudulent acts and representations to persons who are injured thereby. They are no more immune for their false representations made with

intent to deceive, and which result in a loss to one who relied thereon, than any other individual.  The facts that they are acting for the benefit of the corporation and that they did not personally receive the fruits of the transaction, or that the company is nominally the contracting party, does not relieve them from liability."  See, also, 14A C. J., § 1955; *Hill* v. *Tualatin Academy,* 61 Or. 190, 200 (121 Pac. 901).

8.  The complaint contains all the elements of a good cause of action for false representations: *Purdy* v. *Underwood,* 68 Or. 56, 59, 60 (169 Pac. 536); *McFarland* v. *Carlsbad San. Co.,* 68 Or. 530 (137 Pac. 209, Ann. Cas. 1915C, 555); *Boord* v. *Kaylor,* 100 Or. 366 (197 Pac. 296); *Obermeier* v. *Mattison,* 98 Or. 195 (192 Pac. 283, 193 Pac. 915).

9, 10.  It was not necessary for the plaintiff to allege in his complaint the condition of the bank at the time he filed the complaint.  That would be a matter of defense or in mitigation of damages.  Plaintiff's action sounds in tort and any evidence tending to show that plaintiff has not suffered a loss or that tends to diminish any loss he may have suffered would be pertinent.  Such matters are not in issue on a general demurrer.

11. Conceding for the purpose of this opinion that the defendant as president of the bank could not have lawfully paid plaintiff's demand because to have done so would have given a preference in violation of Section 6221, that would not relieve him from liability for misrepresentations.  He cannot hide behind a law intended to prevent dishonest banking.  Violating that statute is no justification for other dishonorable practices resulting in injury to others.  If the bank were not insolvent, plaintiff would not have suffered damage.  Without damage he would have no cause of action.

12. It is suggested that the complaint discloses that the alleged false representations did not damage plaintiff because his money was lost at the time they were made. Plaintiff had in the bank at that time $3,057.11. In order for plaintiff to have sustained the loss the bank must have been able to pay at the time plaintiff demanded his money, and the alleged false representations were made. It is claimed that because the complaint alleges that the representations of the bank's solvency were false, it follows that plaintiff's demand could not have been complied with, and therefore no damage resulted to plaintiff. This matter is not submitted by demurrer. The bank was a going concern at the time. It was transacting business for about ten days thereafter. From the nature of its business it must have been receiving and paying out money. These facts appear from the complaint. The reasonable construction of the complaint is that it could have paid plaintiff's demand.

13. The language of the complaint with reference to that phase of the case is that the defendant as president stated that the bank

"was not insolvent, and was not in a failing condition, but that said bank was then and there solvent, was strong financially, and then and there had funds, in money of the United States of America, sufficient and adequate to meet any and all demands and obligations outstanding against said bank, and money sufficient and adequate to pay at any and all times any and all demands of any and all of the depositors of said bank, and particularly that said bank was possessed of sufficient moneys to pay this plaintiff the sum he had on deposit therein, to-wit, the sum of $3057.11.
* * * "

"That the said J. W. Siemens then and there well and personally knew that the representations he had then and there made to the said Tim Brown, were

false, fraudulent and untrue, that is to say, * * defendant herein, then and there well and personally knew that the said First State & Savings Bank was then and there *in truth and fact insolvent and in a failing condition, and could not meet its current obligations.*"

It thus appears that the complaint does not allege the bank did not have sufficient funds to pay plaintiff's demand. The inference logically to be drawn from the complaint is that it had. The action is not against the bank, but against its president personally for his individual wrong.

The complaint continues:

"That the said Tim Brown, plaintiff herein, then and there believed the statements and representations then and there made to him by the said J. W. Siemens, President of the said First State & Savings Bank; that said bank was solvent and in a prosperous and thriving condition, and that he, the said Tim Brown, then and there acted upon said false and fraudulent representations, and did, because of said representations refrain from withdrawing his money, to-wit: $3057.11, money of the United States of America, from said bank, and that because of the said statements and representations made to him by the said J. W. Siemens, left all of said funds with and on deposit in the said First State & Savings Bank."

14. The plaintiff is not in as favorable condition as one who was induced to deposit money by false representations. His money was already deposited. If at the time the representations were made the bank could not have paid its debt to plaintiff, he was not damaged by the representations. But it appears from the complaint that for about ten days thereafter the bank was transacting business. The amount of his loss must be ascertained from evidence. Sufficient

allegations appear in the complaint to show some damage to plaintiff.

15. Plaintiff argues his right to maintain this action even if he has no written evidence of the alleged false representations. He bases his argument on a distinction in the meaning of the words "credit" and "solvency." He reasons that the false representations are not alleged to have been made to obtain credit for the bank, but were made regarding the solvency of the bank. So far as this case is concerned there is no difference. The alleged purpose of the misrepresentations was to induce plaintiff to leave his money in the bank,—that is, to continue his credit to the bank. This was "a representation as to the credit," or "character" of the bank: Section 809, Or. L.

In order for plaintiff to recover, it will be necessary for him to produce some evidence in writing of the alleged false representation in compliance with said Section 809. The case of *Upton* v. *Vail*, 6 Johns. (N. Y.) 181 (5 Am. Dec. 210), relied upon by plaintiff, was decided before the enactment of Lord Tenterden's Act. The other American cases cited by plaintiff are largely based on *Upton* v. *Vail*, above. The English cases cited by plaintiff were decided prior to the enactment of that statute which occurred in 1828. Since that date the courts of England have uniformly held that representations regarding the credit of a third person were not actionable without some written evidence, and that the statute ruled whether the action was based on contract or tort. The statute was enacted for the express purpose of preventing the courts from entertaining actions on the case in deceit in order to avoid the effect of the statute of frauds requiring written evidence in actions on an agreement

to answer for the debt of another. In order to avoid that provision of the statute, the practice had become common to prosecute actions for false representations, or deceit, instead of on a contract. After repeated suggestions from the courts, Parliament passed Lord Tenterden's Act substantially as found in Section 809, Or. L. The history of the statute is given in *Knight* v. *Rawlings,* 205 Mo. 412 (104 S. W. 38, 12 Ann. Cas. 325, and note in p. 332, 13 L. R. A. (N. S.) 212). Other authorities examined are: 25 R. C. L. 445, § 15; 27 C. J. 168 et seq., §§ 71–77; *Nevada Bank* v. *Portland Nat. Bank,* 59 Fed. 338, 344.

16. It has been uniformly held that an officer's representations about his corporation are within the statute: *McKee* v. *Rudd,* 222 Mo. 344 (121 S. W. 312, 133 Am. St. Rep. 529); *Hunnewell* v. *Duxbury,* 157 Mass. 1, 6 (31 N. E. 700); *McKinney* v. *Whiting,* 8 Allen (Mass.), 207, 208; 27 C. J. 173, § 81. Having adopted that statute we have also adopted the construction thereof of the courts of last resort in the country of its original enactment.

17. Our statute differs from similar statutes in many states of the Union in this: Most statutes state "no action can be maintained" where our statute reads "no evidence is admissible." It not appearing from the face of the complaint that the evidence of alleged false representation is not in writing, the presumption is that it, or some memorandum thereof, is. The demurrer should have been overruled. The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

BEAN, BROWN, BELT and RAND, JJ., concur.

BURNETT, J., Dissenting.—It appears from the complaint that at all the times mentioned therein the

defendant was president of the First State and Savings Bank of Klamath Falls, Oregon, in which, on January 28, 1922, and for a long time prior thereto, the plaintiff had on deposit $3,057.11. The pleading goes on to state in substance that about ten days prior to the date last mentioned the plaintiff demanded his money from the defendant but the latter falsely and fraudulently stated to the plaintiff that the bank was not insolvent and was not in a failing condition, but that it was then and there solvent, was strong financially, and then and there had funds sufficient and adequate to meet any and all demands and obligations outstanding against said bank, and particularly that said bank was possessed of sufficient moneys to pay plaintiff the sum he had on deposit therein. It is said likewise that the plaintiff stated to the defendant his reasons for wishing to withdraw his money, to wit: That he had heard rumors that said bank was insolvent and in a failing and insolvent condition, whereupon the defendant urged him to leave his money in the bank. It is charged that the defendant knew his statements were false; "that is to say, the said J. W. Siemens, defendant herein, then and there well and personally knew that the said First State & Savings Bank was then and there in truth and fact insolvent and in a failing condition, and could not meet its current obligations."

The plaintiff avers that he believed the statements of the defendant and refrained from withdrawing his money, no part of which has ever been paid to him by anyone. A general demurrer to the complaint, on the ground that it does not state facts sufficient to constitute a cause of action, was sustained and as the result thereof the action was dismissed, whereupon the plaintiff has appealed.

In accord with numerous precedents on this subject, Mr. Justice BEAN, in *Wheelwright* v. *Vanderbilt,* 69 Or. 326, 328 (138 Pac. 857), wrote thus:

"To constitute actionable fraud it must appear: 1. That defendant made a material representation; 2. that it was false; 3. that when he made it he knew it was false, or made it recklessly without any knowledge of its truth, and as a positive assertion; 4. that he made it with the intention that it should be acted upon by plaintiff; 5. that plaintiff acted in reliance upon it; and 6. that he thereby suffered injury. Each of these facts must be proved with reasonable certainty, and all of them must be found to exist. The absence of any one of them is fatal to recovery."

If the plaintiff could have got his money from the bank at the time the representations were made, then they were true and hence not fraudulent. For anything stated in the complaint their truth is not impeached by the fact that ten days afterwards the bank became insolvent and closed its doors. On the other hand, if, as stated in the complaint, the bank "was then and there in truth and fact insolvent and in a failing condition, and could not meet its current obligations," the damage to the plaintiff had already happened, his money was lost and the statements imputed to the defendant could not and did not operate to enhance his damage or change his position for the worse.

The complaint fails to meet the sixth specification in the precedent laid down by Mr. Justice BEAN. It does not show that the plaintiff suffered injury on account of anything said by the defendant. The judgment rendered on the demurrer was correct and should be affirmed.

McBRIDE, C. J., concurs in this dissenting opinion.