Argued December 13; affirmed December 20, 1949

# SIMMONS *v.* FOX
### 212 P. 2d 735

Robert G. *Clostermann*, of Portland, argued the cause and filed a brief for appellant.

*J. Robert Jordan*, of Portland, argued the cause for respondent. On the brief was Francis F. Yunker, of Portland, for respondent.

Before LUSK, Chief Justice, and BRAND, BELT, ROSSMAN, and BAILEY, Justices.

**BAILEY, J.**

This suit was brought by C. L. Simmons against G. T. Fox for specific performance of an alleged contract, by the terms of which defendant agreed to sell to plaintiff certain described real property in Portland, Oregon, or for damages in the event of the inability of defendant to perform. From a decree in favor of plaintiff, defendant has appealed.

The amended complaint, hereinafter referred to as the complaint, alleges that at all times therein mentioned defendant was and now is the owner of lot 5, block 2, Waverly Heights, situate in the City of Portland, Oregon. Paragraph II of the complaint reads as follows:

> "That on or about the 6th [apparently 16th] day of January, 1946, this plaintiff and defendant entered into an agreement wherein and whereby the said defendant agreed to sell to this plaintiff that certain real estate aforedescribed for the sum of $6600.00. That on the said 16th day of January, 1946, the said plaintiff paid to the said defendant the sum of $100.00 as earnest money payment upon the said property and agreed to pay the balance of

$6500.00 within 60 days and upon the delivery by the said defendant to this plaintiff of a good and sufficient deed conveying the said premises together with evidence of title thereof. That at the time of the said payment on January 16, 1946, the said defendant executed a written receipt for the said $100.00, of which the following is a substantial copy, to-wit:

"Portland, Ore. Jan. 16, 1945 [1946]
"Received from C. L. Simmons $100.00 as earnest money payment on house 2739 Powell Blvd. Balance $6500.00 to be paid in 60 days.
"/s/    G. T. Fox"

Plaintiff further alleges that thereafter he "offered and tendered to the said defendant the full balance of $6500.00 and demanded a deed and evidence of title; that this defendant has failed and refused to produce and deliver to this plaintiff the said deed and evidence of title and has attempted to rescind the said transaction"; and that, in the event defendant is unable to convey such property, plaintiff will be damaged in the sum of $3,000.

To this complaint the defendant filed a demurrer on the ground that it did not state facts sufficient to constitute a cause of suit against him. This demurrer was overruled and, upon the failure of defendant to plead further, an order of default was entered against him. In a hearing before it, the court found that the defendant could not specifically perform the contract and entered a decree against him and in favor of plaintiff for the sum of $1,900, being the amount of damages that plaintiff had suffered by reason of defendant's inability to perform.

Defendant's position is thus stated in his brief:

"This appeal raises the issue whether plaintiff, C. L. Simmons, has pleaded sufficient facts that a

legal and valid agreement existed between said plaintiff and the defendant, G. T. Fox, for the sale and purchase of [here follows a description of the property] so that plaintiff would be entitled to a decree of specific performance. For this purpose the allegations of the amended complaint alone are controlling.

"It is appellant's position in this suit that no such legal and valid agreement existed or exists in view of the fact that on the face of said amended complaint it appears that there is no compliance whatever with the provisions of Section 2-909 (Sub. 6), O. C. L. A., and therefore the plaintiff is not entitled to any specific performance of said alleged agreement, nor in the alternative, to any damages."

The contract sued on is for the sale of real property and is therefore within the statute of frauds, § 2-909, O. C. L. A., and "is void unless the same or some note or memorandum thereof, expressing the consideration," is in writing and subscribed by defendant or by his lawfully authorized agent.

■ Beginning with *Hedges v. Strong,* 3 Or. 18, and *Albee v. Albee,* 3 Or. 321, this court has consistently held that in a suit or in an action brought on an agreement, which would be void unless in writing, it is not necessary to allege in the complaint that it is in writing. Such holding is generally predicated upon the proposition that in the absence of allegations indicating the contrary it will be presumed that the contract complied with the statute. *Smith v. Jackson,* 97 Or. 479, 192 P. 412; *Brown v. Siemens,* 117 Or. 583, 245 P. 510; *Ingerslev v. Goodman,* 116 Or. 210, 240 P. 877. The prevailing view of American courts is in accord with this rule. Annotation, 158 A. L. R. 101 to 106, inc.

■ A demurrer is not the proper method of raising the statute of frauds where the plaintiff's pleading fails

to show whether the contract was in writing or otherwise in compliance with the statute of frauds. See authorities above cited. In the instant case it does not appear from the face of the complaint whether the contract, which forms the basis of the suit, was in writing.

■ Defendant argues that, inasmuch as plaintiff has alleged that a written receipt was given by defendant to plaintiff for the $100 earnest money paid by the latter and a copy of the receipt has been set forth in the complaint, we must assume that such receipt constitutes the entire contract between plaintiff and defendant. His counsel admitted on oral argument that, had all reference to this written receipt been omitted, the complaint would probably have been invulnerable to the present attack.

■ The allegations relating to, and the language of, the receipt do not conflict with or in any way modify the other parts of the complaint. Full force may be given to the contents of the receipt without adding to or detracting from the allegations relating to the terms and conditions of the agreement between the parties. Moreover, there is nothing in the complaint which would indicate that plaintiff is relying upon the receipt as containing all, or any of, the terms of the contract. In determining whether the plaintiff has stated a cause of suit we must look to the complaint as a whole; we cannot single out a part of it and ignore the remainder.

The court did not err in overruling defendant's demurrer. The decree appealed from is affirmed.