Argued February 6, decided February 17, 1914.

# WHEELWRIGHT v. VANDERBILT.

(138 Pac. 857.)

**Fraud—Elements in General—"Actionable Fraud."**

1. To constitute "actionable fraud," it must appear that defendant made a material representation falsely, that he knew it was false or made it recklessly without knowledge of its truth and as a positive assertion, with intention that it should be acted upon, and that plaintiff acted upon it to his injury.

[As to actions to recover for false representations, see note in 18 Am. St. Rep. 555.]

**Fraud—Elements—Right of Plaintiff to Rely Thereon.**

2. Misrepresentations, to constitute fraud, must be such as would deceive a person of ordinary prudence.

**Fraud—Actions—Pleading.**

3. A complaint by a corporate stockholder against a stockholder and director in another corporation, for fraud in overstating the price paid by defendant's company for land sold to it by plaintiff's company, seeking to recover as damages expenses incurred by plaintiff in investigating the affairs of his own company to discover any fraud of such company in the transaction, does not state a cause of action, having failed to show that defendant made the representations with the intention that plaintiff should act upon them, or that plaintiff did rely on them.

From Hood River: WILLIAM L. BRADSHAW, Judge.

Department 2.    Statement by MR. JUSTICE BEAN.

This is an action by William D. Wheelwright against Oscar Vanderbilt for damages for deceit The trial court sustained a demurrer to the complaint. The plaintiff appeals. The allegations of the complaint are in effect as follows: Plaintiff was a stockholder in the Stanley-Smith Lumber Company which had sold certain lands to the Vanderbilt Orchard Lands Company, of which defendant was a director and stockholder. Defendant conducted the negotiations and paid the purchase price to the lumber company on behalf of the land company. The directors of the latter corporation, other than the defendant, had told the plaintiff that the price paid for the land

was $29,400, and the directors of the lumber company had told plaintiff that the sum received was $19,600. Plaintiff thereupon became suspicious of the honesty and good faith of the directors of the lumber company, and sought out the defendant, and questioned him in regard to the transaction, and he told plaintiff that the amount paid to the lumber company was $29,400. It is alleged that the statements made by the defendant to the plaintiff were false, and that the defendant knew that they were false when he made them; that the defendant himself either directly retained from the purchase price aforesaid the sum of $9,800, or was repaid that sum; that the representations made by defendant to plaintiff were a part of a scheme to conceal from defendant's fellow stockholders and directors in the land company the fact that defendant had retained any money; that plaintiff believed and relied upon the statements made to him by defendant, and for the proper protection of his interests in the lumber company, under the advice of counsel, employed a public accountant to investigate and audit the books and records of the lumber company, which was done, with the assistance of attorneys; that he investigated certain other phases of the affairs of the lumber company, and necessarily incurred an expense of $1,452.50, which he seeks to recover from the defendant as damages.                                              AFFIRMED.

For appellant there was a brief over the name of *Messrs. Hardy, Sawyer & Woodley,* with oral arguments by *Mr. Thomas A. Hardy* and *Mr. Harold K. Sawyer.*

For respondent there was a brief over the names of *Mr. Jesse Stearns* and *Mr. A. J. Derby,* with an oral argument by *Mr. Stearns.*

MR. JUSTICE BEAN delivered the opinion of the court.

It is not contended by plaintiff, as we understand the argument, that the defendant intended to induce the plaintiff to investigate the affairs of the lumber company or take any action on account of the statements made by defendant. Counsel for plaintiff suggest that the case is without precedent. The following authorities are somewhat in point:

1. To constitute actionable fraud it must appear: (1) That defendant made a material representation; (2) that it was false; (3) that when he made it he knew it was false, or made it recklessly without any knowledge of its truth, and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury. Each of these facts must be proved with reasonable certainty, and all of them must be found to exist. The absence of any one of them is fatal to recovery: 20 Cyc. 13. Where a party complains of false representations, whereby he was caused to suffer damage in a transaction with some third person, it devolves upon him to show expressly that the alleged wrongdoer intended, or, what is the same thing, that he may reasonably be supposed under the circumstances to have intended, that the plaintiff should act upon the misrepresentations; and it is not enough to prove that the same were made with knowledge of their falsity: 1 Bigelow, Fraud, p. 536.

2. The misrepresentations must have been such as would have deceived a person of ordinary prudence. In other words, it must appear that plaintiff reasonably believed them to be true: *Southern Development Co.* v. *Silva,* 125 U. S. 247 (31 L. Ed. 678, 8 Sup. Ct. Rep. 881); *Dunning* v. *Cresson,* 6 Or. 241, 242.

3. No contractual relation existed between the defendant and the plaintiff. The former occupied no fiduciary relation to the latter. They were not associates nor fellow stockholders in either company, nor acquaintances up to the time the statements were made. When plaintiff made the inquiry of the defendant, he had been informed by his business associates in the lumber company as to the amount received for the land. So far as plaintiff is concerned, there is nothing in the complaint that indicates that the defendant did anything more than to boast of the high price paid for the realty or to puff the price of the land. It cannot be said that, under the circumstances, the plaintiff, as a reasonably prudent man, was justified in believing the statements of the defendant, who was a stranger, and disregarding the information he had already obtained. His conduct in making the investigation in which the expense was incurred which he seeks to recover is inconsistent with the idea that he believed the defendant's statements. The defendant certainly could not have anticipated that the plaintiff would have taken such action in reliance upon his statements. An action cannot be based upon the telling of a naked lie: 2 Addison, Torts, 772.

In *Enfield* v. *Colburn*, 63 N. H. 218, where the defendant made a claim upon the town for damages to his horses, the officials investigated the claim and found it to be false. Action was brought to recover the expense. Mr. Justice CARPENTER, at page 219 of the opinion, said:

"A mere naked lie—a falsehood—though told with the intent to deceive, upon which nobody acts, and by which nobody is deceived, is not actionable. The declaration alleges, in substance, that the defendant falsely and fraudulently represented that he had a valid claim against the plaintiffs for damages, that the plaintiffs relied upon the representations, and that

they investigated them at a large expense, and found them to be false.   One or the other of the last two allegations is as untruthful as the representations are claimed to be; both cannot be true.   If the plaintiffs relied upon the representations, they did not investigate them.   If they investigated them, they did not rely upon them.''

In *Jex* v. *Straus,* 122 N. Y. 293, 301 (25 N. E. 478, 480), the court says:

''The law requires that the injury must proceed so directly from the wrongful act that, according to common experience and the usual course of events, it might, under the particular circumstances, have reasonably been expected.''

In *Hemmer* v. *Cooper,* 8 Allen (Mass.), 334, the court says:

''The representations of a vendor of real estate, to the vendee, as to the price which he paid for it, are to be regarded in the same light as representations respecting its value.   A purchaser ought not to rely upon them; for it is settled that, even when they are false and uttered with a view to deceive, they furnish no ground of action.''

In Bispham's Equity (4 ed.), Section 215, page 272, the rule is stated as follows:

''The third requisite necessary to render a misrepresentation fraudulent is that it must be reasonably relied on by the other party, and this obviously includes two subdivisions: First, the party must have a right as a reasonable being to rely upon the representations; and, secondly, he must, in point of fact, so rely upon it. * * If the party to whom the representation is made resorts to inquiries on his own account, and shows by his conduct that he relies upon them, he cannot complain of a misrepresentation.   *A fortiori,* if he was actually aware of the true state of the case; for then he was not deceived.   And a man is bound to make use of the means of information.''

The action taken by the plaintiff in investigating the truth of the statements alleged to have been made by the defendant shows that he did not rely upon such representations. If he had been willing to rely thereon, it would have been unnecessary for him to have made the investigation. It would have been only reasonable for him to have stated to his business associates the information that he had received from defendant before making a formal investigation of the affairs of the company. There is no pretense that the defendant made the representations with the intention that they should be acted upon by the plaintiff. The complaint discloses that plaintiff did not rely upon the representations; hence there are at least two necessary facts wanting in order for plaintiff to maintain the action.

The judgment of the lower court sustaining the demurrer was correct, and it is affirmed.   AFFIRMED.

MR. CHIEF JUSTICE McBRIDE, MR. JUSTICE EAKIN and MR. JUSTICE McNARY concur.