Argued December 5; affirmed December 19, 1933; rehearing denied
January 23, 1934

## HOWARD ET UX. *v.* MERRICK ET AL.
(27 P. (2d) 891)

*Henry S. Westbrook,* of Portland (Andrew Hansen, of Portland, on the brief), for appellants.

*William G. Smith,* of Portland (Harold L. Davidson and Joseph K. Carson, Jr., both of Portland, on the brief), for respondent Merrick.

*Frank H. Hilton,* of Portland (Frank G. Smith, of Portland, on the brief), for respondent Smith.

CAMPBELL, J. This cause was originally commenced against defendants M. E. Merrick and Jacob N. Smith on June 24, 1931. An amended complaint was filed October 14, 1931, making the Superior Service Laundries Company, Inc., a state of Washington corporation, also a party defendant. This latter defendant was not served and did not appear. The action is based on fraud and grows out of a transaction in the exchange of certain stocks and a payment in cash which took place in April, 1927.

It appears that plaintiffs were the owners of seven shares of stock in the Portland Gas and Coke Company, valued at $728. They also had $4,272 in cash. These shares of stock and this cash they invested in 100 shares of the stock of defendant corporation, the Superior Service Laundries Company, Inc., valued at $5,000. Plaintiffs allege that they were induced to

make this investment through the false representations of defendants.

Plaintiffs' allegations of fraud are long, involved and somewhat redundant. Briefly stated, they allege:

(a) That defendants, M. E. Merrick and Jacob N. Smith individually and jointly with two others who are not parties hereto, Conners and Monroe, represented that the shares of stock of the Superior Service Laundries Company, Inc., were worth $50 per share and these defendants were familiar with the true value thereof; that when the Superior Service Laundries Company, Inc., had the certificates of stock printed they had fraudulently inserted into said certificates a clause to the effect that said defendant corporation reserved the right to call in and redeem said stock at a price of $57.50 per share, and in the event of the dissolution of said corporation the stockholders thereof should receive $50 per share. They then allege that said clause and said condition was false and was placed therein for the sole purpose of promoting a sale thereof and of deceiving prospective purchasers thereof and that they had never had any honest intention or purpose to redeem said stock and that this was known to these defendants, Merrick and Smith.

(b) Plaintiffs then allege that these defendants knew that plaintiffs had the money and that plaintiffs were desirous of getting a sound investment and that defendants represented to plaintiffs that the stock of the Superior Service Laundries Company, Inc., was a safe and sound investment, safer than placing money "in a first mortgage on Portland real property" and that the stock was earning 7 per cent on a value of $50 per share and that part of the time it would earn a double dividend and that Smith exhibited to plaintiffs a check and stated that the check represented a divi-

dend on the stock then owned and held by defendant Smith. Plaintiffs admit that the check was a perfectly good check, but that it was drawn on funds other than actual dividends earned and declared; that no actual dividends were ever earned and declared by said corporation but that said check was issued and exhibited for the purpose of inducing plaintiffs to purchase the stock.

(c) Plaintiffs then allege that these plaintiffs owned some stock in the Portland Gas and Coke Company and, for the purpose of inducing plaintiffs to invest in the stock of the defendant corporation, defendants represented that the defendant corporation was a concern of great wealth and owned a chain of laundries extending up and down the Pacific Coast and an investment in its stock was a safer and better investment than the stock of the Portland Gas and Coke Company.

(d) Plaintiffs then alleged that defendants knew that plaintiff, Fred L. Howard, was a railroad man and as such owned one share of stock in the Brotherhood Bank and Trust Company which was known as a railroad man's bank and that defendants Merrick and Smith represented that they also were former railroad men and as such were honest and trustworthy and dependable and for that reason plaintiffs trusted and relied upon their representations. Plaintiffs then alleged that all such representations were false, fraudulent and untrue and known to be such by said defendants in that the Superior Service Laundry Company, Inc., was not a sound, established concern; that no actual honest dividends were ever earned, declared or paid by said corporation; that any moneys declared as such were paid from other sources and were so paid for the purpose of defrauding the purchasers of the

stock; that said corporation did not have a chain of laundries on the Pacific Coast and had no laundries established and operating within the state of Oregon; that the stock was not worth $50 per share or anything; that no dividends were declared or paid and that no double dividends or any dividends were declared and paid and that defendants knew that at the time of making said representations; that no double dividends were or ever would be paid and that all of said statements were made for the purpose of deceiving these plaintiffs and that plaintiffs relied upon them to their damage. Plaintiffs further alleged that said defendants for the purpose of further deceiving the plaintiffs, did, in June and July of 1927 and in October, November and December of 1929, fraudulently pay unto plaintiffs, sums, falsely represented to be dividends from said corporation, the last payment of which was in December, 1929, in the sum of $10, and falsely represented that said dividends were being held up because of litigation in which said corporation was involved; that on October 15, 1930, plaintiffs investigated and discovered for the first time that the representations were false.

After the usual dilatory motions, defendants, Merrick and Smith, filed separate answers, being in effect a general denial and plead the statute of limitations.

Defendant Smith, as an additional answer and defense, plead that he had nothing to do with making the sale of the stock but that the sale was made through other parties.

The cause was tried to a jury. At the close of plaintiffs' case, defendants separately moved for non-suits which were granted, and judgments entered for defendants for costs. Plaintiffs appeal.

It appears from the record that sometime during the month of March, 1927, defendants Merrick and

Smith came to the home of plaintiffs, in company with one Conners, a stock salesman, for the purpose of selling stock of the Superior Service Laundries Company, Inc., hereinafter known as defendant corporation, to plaintiffs. Defendant Smith introduced Conners to plaintiff, and then made the statement to plaintiffs that "* * * he understood I was looking for an investment and came out there to interview us about buying some Superior Service Laundries stock, and said it was a good investment; they were an established concern, well-established, doing a good business, had a chain of laundries on the Pacific Coast and were paying dividends at that time". During the course of the sales talk, the stock of defendant corporation was represented as being better than a first mortgage upon Portland real property and better than the 7 per cent bonds of the Portland Gas and Coke Company because the gas company's bonds paid dividends only quarterly, whereas the stock of defendant corporation paid dividends monthly. While Conners did most of the talking, it appears that the two defendants, Smith and Merrick, occasionally talked, and, as plaintiff, Fred L. Howard, testified, "OK'd" the statements of both Mr. Conners and Mr. Monroe who later took up the sales talk regarding the value of the stock. There was testimony by both plaintiffs that the defendants said it was a "good investment". From the evidence it appears that Mr. Smith was a locomotive engineer in the employ of the Union Pacific railroad. It does not appear that Mr. Merrick was ever employed by a railroad but at the time was office manager of the Pacific Brotherhood Investment Company, an investment company connected with the Brotherhood Cooperative National Bank in which plaintiff, Fred L. Howard, and defendants, Smith and Merrick were stockholders. There was

obviously no fiduciary relationship between defendants and plaintiffs.

■ To constitute actionable fraud in this state, it must be:

"(1) That defendant made a material representation; (2) that it was false; (3) that when he made it he knew it was false, or made it recklessly without any knowledge of its truth, and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury. Each of these facts must be proved with reasonable certainty, and all of them must be found to exist. The absence of any one of them is fatal to recovery;" Wheelwright v. Vanderbilt, 69 Or. 326 (138 P. 857); Brown v. Siemens, 117 Or. 583 (245 P. 510); Blair v. McCool, 136 Or. 139 (295 P. 950, 298 P. 244); Bevan v. Templeman, ante page 279 (26 P. (2d) 775).

■ Appellants contend that defendants said it was a "good investment". Such a statement is nothing more than an opinion. When the relation of vendor and vendee exists, the doctrine of "buyer beware" applies, unless there is some fiduciary relation between the parties.

Appellants further contend that defendants represented defendant corporation to be "an established concern, well-established, doing a good business, had a chain of laundries on the Pacific Coast and were paying dividends at that time". (The time of the purchasing of the stock by plaintiffs). Plaintiffs' testimony shows that defendant corporation was conducting several laundries in Washington and California.

Defendants Merrick and Smith were stockholders like appellants. Smith testified that he made inquiries as to the desirability of the stock as an investment. There is no evidence that either Merrick or Smith

knew that the company was involved in litigation at the time plaintiffs bought the stock. Smith evidently thought that the company was sound as he bought stock in it after he made the inquiries.

Appellants assert that defendants told them that the stock of defendant corporation was better than a first mortgage on real property in Portland and better than the Portland Gas and Coke Company's bonds—better than the latter for the reason that the laundry stock paid dividends monthly and those of the gas company bonds were paid quarterly. There is no evidence tending to show the relative values of these stocks at the time of the transaction.

■ The representation that the stock was better than a first mortgage on real property in Portland, even if made, might or might not be true, depending on the particular real estate and the amount of the mortgage. It would seem that such a statement would be only a matter of opinion.

Appellants alleged that the defendants made to them the false and fraudulent representation that the defendant corporation had a chain of laundries up and down the Pacific Coast and was operating in Portland, Oregon, at the time of the purchase of the stock. There is evidence in the record to show that the defendant corporation did have such chain and at the time of the sale was constructing a laundry building in Portland. Plaintiffs' evidence does not show that the statements regarding the wealth of the corporation, the extent of its operations and its financial soundness, etc., were false and fraudulent or that defendants made them knowing they were false, or made them recklessly without knowledge. There is no evidence showing that the defendant corporation was engaged in litigation at the time the stock was purchased.

■ If the plaintiffs were entitled to recover, the measure of damages would be the difference between the amount of money they put into the stock and the value of the stock at the time of purchase. *Zobrist v. Estes,* 65 Or. 573 (133 P. 644) ; *Lichtenthaler v. Clow,* 109 Or. 381 (220 P. 567).

There was no evidence adduced by appellants to show the value of the stock in 1927, the time that appellants purchased it.

■ Appellants also contend that defendants informed them that the concern was paying dividends at the time of the purchase of the stock and would continue to do so. The best evidence of the truth of the statement that the stock was paying dividends at the time of the purchase of the stock is that the appellants did receive dividends following the purchase of the stock. As to future payment of dividends, that would be merely an opinion as that would be contingent on a great many matters especially in a time of economic depression. There is no evidence to show that the sums paid appellants as dividends on the stock were not actually earned dividends of the corporation.

■ Plaintiffs, in attempting to prove the value of the stock purchased, called, as a witness, Mr. A. C. Leggett who testified that he was a stocks and bonds salesman and that he looked up a list of stocks gotten out by a stock listing firm. He also testified that he had no personal knowledge of the value of the stock but had looked it up in those listings. He was asked to give the information he derived therefrom. He did not have the book of listings, from which he was about to testify, in court. The court properly excluded that class of testimony.

■ Appellants also offered in evidence certain reports and correspondence published by the officers of

the defendant corporation, all of which were issued after the date of the sale of the stock for the purpose of either showing the value of the stock or knowledge on the part of defendants Smith and Merrick that the stock must have been of little value because of internal strife and litigation arising within defendant corporation. On objection the court properly excluded the testimony as none of these reports or correspondence were connected up with either of these defendants. Neither defendant Smith nor Merrick was an officer in the defendant corporation nor was there any evidence tending to show that either had any knowledge of the contents of the reports and correspondence at the time plaintiff purchased the stock. If these documents tended to prove anything material to the issues in the instant case, it was that plaintiffs had been apprised of the financial and business condition of defendant corporation much more than two years before this action was commenced. The law "favors the vigilant". Courts try to protect the improvident and gullible from the consequences of their credulity. This frequently is impossible within recognized rules of law and procedure.

■ Plaintiff having failed to produce evidence to prove, or by reasonable inference tending to prove, the material allegations of their complaint, the court committed no error in granting a non-suit. *Millar v. Semler,* 137 Or. 610 (2 P. (2d) 233, 3 P. (2d) 987); *Hogan v. Mason Motor Company,* 133 Or. 14 (288 P. 200).

The judgment is affirmed.

RAND, C. J., BEAN and BAILEY, JJ., concur.