Argued October 26, affirmed December 1, 1972

CLARK ET AL, *Appellants-Cross-Respondents, v.*
UNITED STATES NATIONAL BANK
(No. 364-713), *Respondent-Cross-Appellant.*

503 P2d 502

438

*Gerald R. Pullen,* Portland, argued the cause and filed the briefs for appellants-cross-respondents.

*Phillip Chadsey,* Portland, argued the cause for respondent-cross-appellant. With him on the briefs were Charles F. Hinkle and Davies, Biggs, Strayer, Stoel & Boley, Portland.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

LANGTRY, J.

This appeal is from an order of dismissal after a demurrer was sustained to the amended complaint. The basis of the demurrer was that the remedy, if any, is in equity and not by action at law, hence, the court had no jurisdiction. The defendant cross appeals a trial court finding concerning some of its affirmative defenses. Facts alleged by the pleadings before the court when it ruled upon the demurrer are included in the narration which follows.

The plaintiffs are sisters who were named as sole beneficiaries of a trust established in the will of Eva Powell who died in April 1964. The defendant was named executor of the will and trustee.

The will provided that the trust "* * * shall terminate upon the attainment of the age of majority by

the youngest of said children * * *." On August 27, 1964 the youngest sister Penny, then aged two weeks less than 14, was married to Michael Cobine, the validity of which marriage apparently is not challenged. In September 1964 the mother of the plaintiffs wrote a letter to the bank telling of the marriage. She expressed concern over the possibility of dividing the trust fund between her daughters at that time.

The bank filed a petition for a declaratory judgment in the Crook County Court (where the will was being probated) to have the will construed so that the trust would terminate when the youngest sister reached age 21. Citation issued to the three plaintiffs and their mother as guardian ad litem. The sheriff's return recited that service had been made personally on Elsie Peeler (the mother) and Penny Cobine. On April 14, 1965 the judge of the Crook County Court made a decree construing the part of the will concerning Penny's majority, holding that age 21 would be her age of majority. The probate estate was closed at the same time and the bank as executor transferred the trust fund to itself as trustee. Thereafter, the bank continued the management of the trust.

In June 1970 Joyce Clark, one of the older sisters, took a copy of the will to an attorney. The result was that the attorney wrote a letter to the trustee demanding termination of the trust because Penny Peeler Cobine had attained majority in August 1964. The bank refused, referring to the Crook County Court decree. The plaintiffs, after a further demand on the bank to terminate the trust with the consent of all the beneficiaries, then filed a suit in equity to have the trust terminated. A decree terminating the trust was made on October 19, 1970.

The plaintiffs then filed a complaint for fraud by trustee alleging that the bank had misrepresented to the plaintiffs that the trust would not terminate until Penny Cobine reached the age of 21. The complaint asked for $18,000 general damages and $200,000 punitive damages. After a written demurrer, and motions and other pleadings had been filed or disposed of, defendant orally renewed the demurrer and it was sustained. By then the defendant had filed an answer setting out seven affirmative defenses.

The attorney for plaintiffs stated during the argument on the sustained demurrer that he would not attempt to prove scienter but would rely on showing the bank's "bad faith" by proving a wilful and reckless disregard of its fiduciary obligation.

The plaintiffs' theory is that their complaint states a cause of action at law for fraud on the part of the trustee. Defendant asserts that the case necessitates a construction of the trust provisions of the will and this can only be done in equity. Defendant also asserts an action at law will not lie against a trustee unless there is an obligation on the trustee to immediately pay over a definite sum of money that can be determined without resorting to an accounting in the bookkeeping sense.

"Comprehensively stated, the elements of actionable fraud consit [sic] of: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted on by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; (9) and his consequent and proximate injury. *Condit v. Bodding*, 147 Or. 299, 33 P. (2d) 240; *Howard v.*

*Merrick,* 145 Or. 573, 27 P. (2d) 891; *Wheelwright v. Vanderbilt,* 69 Or. 326, 138 P. 857; 37 C. J. S., Fraud, 215, § 3." *Conzelmann v. N. W. P. & D. Prod. Co.,* 190 Or 332, 350, 225 P2d 757 (1950).

If all the above elements are alleged the complaint states a cause of action at law for fraud.

■ Historically "fraud" has been an ambiguous term in the courts of law. An action for fraud is closely linked to an action for deceit, and involves the proving of the above-quoted elements. If a plaintiff cannot allege and prove an intent to deceive, that is, "scienter," then he may not maintain an action at law for fraud, 37 Am Jur 2d 249, Fraud and Deceit § 188 (1968), but he may obtain relief in a court of equity, 37 Am Jur 2d 292, Fraud and Deceit § 220 (1968).① The issue presented here arose below in this context. Plaintiffs' counsel stated to the trial court that plaintiffs would not attempt to prove scienter in the formal sense, the defendant then renewed the demurrer which had been previously denied, and the trial court sustained it.

■ Plaintiffs urge that the trustee was a fiduciary, and as such had a duty to disclose to the sisters that Penny's marriage had brought her to majority, which terminated the trust. Thus, it is urged that the intention of the bank to deceive is related to a misrepresentation that is claimed to have resulted from a failure to disclose where there was a duty to disclose.

---

① Prosser, Law of Torts 708, § 101 (3d ed 1964), discusses in detail actions concerning misrepresentation and nondisclosure, pp 708-713. On pp 711-712 he discusses the special duty to disclose that a fiduciary, including a trustee to a *cestui que* trust, has. None of the cases he cites includes a situation other than a transaction as the term is ordinarily used. *See also* in this regard Prosser's discussion of *"Scienter—Intent to Deceive,"* § 102, pp 715-719.

■ Plaintiffs must allege and show they suffered damages as a result of relying on the alleged misrepresentation. They have made an allegation of damage but those damages, consisting of lost interest and trustee fees, resulted from the bank's failure to terminate the trust and not from any misrepresentation made either directly or by nondisclosure. If, as the plaintiffs allege, the trust should have terminated when Penny was married, the plaintiffs had a right then to be paid the amount that was in the trust plus interest. The plaintiffs' loss, if any, stems from the failure to terminate the trust, not from the failure to disclose that the trust should have been terminated. Thus, the complaint does not state a cause of action for fraud, as the above facts appear on its face, and the demurrer to the complaint was properly sustained.⑨

---

⑨ There is some question whether the amended complaint states a cause of action at law for money had and received if not for fraud. Where a trustee has wrongfully paid out trust funds and the plaintiff is entitled to the immediate possession of the trust corpus, the plaintiff has a right of action at law and equity has no jurisdiction. Fleishman v. Krause, 261 Or 505, 495 P2d 268 (1972). An action at law is maintainable against a trustee where the relief sought is a specified sum of money obtainable without an accounting. Carey v. Hays, 243 Or 73, 82, 409 P2d 899 (1966); Crow et al v. Strome et al, 214 Or 158, 327 P2d 414 (1958). Where a trust has terminated under the terms of its express provisions, and the trustee has failed to distribute the corpus, an action at law for money had and received may be maintained by the beneficiaries. Ripling v. Superior Court, 112 Cal App 2d 399, 247 P2d 117 (1952); Dettenborn v. Hartford-National Bank & Trust Co., 121 Conn 388, 185 A 82 (1936); Zeideman v. Molasky, 118 Mo App 106, 94 SW 754 (1906); Thomas v. Harkness and wife, 76 Ky (13 Bush) 23 (1877); Drake v. Rueckhaus, 68 NM 209, 360 P2d 395 (1961); Restatement, Trusts 522, § 198(1) (1935).

The amended complaint in the case at bar prays for general damages in the amount of $18,000 as well as punitive damages. It does not allege that the defendant is under a duty to pay this sum but rather that this is the measure of plaintiffs' loss due to the defendant's alleged fraud. The requirements for pleading a cause of action for money had and received are minimal. However,

The decree of dismissal upon the failure of the plaintiffs to plead further is correct. The issues raised on the cross appeal are moot.

Affirmed.

the amended complaint here does not meet these minimal requirements. Hogan v. Alum. Lock Shingle Corp., 214 Or 218, 225, 329 P2d 271 (1958).