Argued June 4, affirmed August 1, 1974

# INVESTORS EQUITY EXCHANGE, INC.,
## *Respondent, v.* WHITELEY ET AL,
## *Appellants.*
### 524 P2d 1211

*Robert T. Scott,* of Scott & Norman, Albany, argued the cause and filed a brief for appellants. Also on the brief were Walter B. Faber, Jr., and Watkins and Faber, Salt Lake City, Utah.

*Kenneth A. Morrow,* Eugene, argued the cause for respondent. With him on the brief were John P. Mulder, and Mulder, Morrow and McCrea, Eugene.

HOWELL, J.

This is an action for damages for fraudulent misrepresentations allegedly made by defendants in the exchange of seven trucks with refrigerator van trailers for plaintiff's interest in an apartment house. The jury returned a verdict for plaintiff. All defendants except Taurus Enterprises, Inc., appeal from the judgment for plaintiff. We affirm.

The plaintiff alleged in its complaint that the defendant Whiteley, acting for himself and for the benefit of all the other defendants, entered into a contract with plaintiff whereby defendants agreed to sell plaintiff seven trucks, each equipped with a refrigerator van trailer, in exchange for plaintiff's equity in an apartment house in Albany, Oregon. An indebtedness was due and owing on both the trucks and trailers. Plaintiff also alleged that the defendants represented that the trucks and trailers were owned by them, were capable of immediate transfer to plaintiff, and that the indebtedness on the trucks and on the trailers was in

good standing. After plaintiff transferred the apartment house to the defendant Intermountain Capital Corporation of Utah, plaintiff discovered that the indebtedness was delinquent and that foreclosure proceedings had been initiated. As a result plaintiff was denied the use of the units.

Defendants' primary assignment of error is the failure of the court to grant defendants' motions for a judgment of involuntary nonsuit and for a directed verdict.

We review the evidence in the light most favorable to plaintiff.

Gordon Smith was the major shareholder and president of plaintiff corporation, Investors Equity Exchange, Inc. The defendant John Whiteley was a shareholder and was president of defendant Intermountain Capital Corporation of Utah (Intermountain). Intermountain controlled defendant Idaho Packers Express, Inc. (Idaho Packers), and had an interest in the defendant Clearwater Corporation (Clearwater). Intermountain also owned half the stock in defendant F & L Investments, Inc. (F & L). There was also evidence that Whiteley or his corporation, Intermountain, owned a substantial amount of stock in the defendant Taurus Enterprises, Inc. (Taurus). The record shows that Whiteley was the dominant figure in all the corporations.

Intermountain, Idaho Packers, and Clearwater owned an interest in seven trucks plus seven refrigerator van trailers. An indebtedness on the trucks was owed to Northwest Acceptance Corporation (Northwest), with monthly payments of $3,500. Also an indebtedness was owing to IDS Leasing Corporation on

the trailers. Title to the trucks and trailers was in Idaho Packers, and Empire Development Corporation, another of defendant Whiteley's corporations.

The defendants' interest in the trucks and trailers was transferred to Taurus. The latter had been delinquent in making the payments on the trucks, and Intermountain wanted to dispose of the trucks and trailers and thereby eliminate the monthly payments which Intermountain owed to Northwest.

On January 23, 1971, Smith, as president of plaintiff corporation, and Whiteley executed an agreement exchanging the trucks and trailers for plaintiff's equity in the apartment house. On the same date Smith was advised by Whiteley that the January 1, 1971, payment of $3,500 due Northwest on the trucks had been paid when in fact it had not.

Smith started to take possession of the trucks and trailers from Taurus, but in early February, 1971, he lost possession of the trucks to Northwest because of the defendants' failure to make the January 1, 1971, payment of $3,500. Later the trucks were sold by Northwest at auction. Smith placed a bid but was unsuccessful. Smith was able to locate the seven refrigerator vans at various places, and they were sold by Smith.

■ It is not necessary that we review the evidence concerning all the misrepresentations alleged by plaintiff. Proof of one allegation of misrepresentation is sufficient for plaintiff to recover. *Zeleny et ux v. Karnosh,* 224 Or 419, 356 P2d 426 (1960).

The defendants admit in their brief that there was evidence from which the jury could find that Whiteley

misrepresented that the indebtedness to Northwest was in good standing on January 23, 1971, the date of the exchange. Whiteley told Smith the January 1, 1971, payment of $3,500 was paid. Whiteley testified he sent Northwest a check for the payment, the check "bounced," and he admitted that he knew it would bounce. He also told Northwest to send the check through again, representing it would be good the second time. The check was never "made good" and as a result, plaintiff never acquired possession of the seven trucks.

■ However, defendants contend that Smith should not have relied on the misrepresentation and that Smith should have ascertained the status of the defendants' contract with Northwest.

Defendants cite *Ziegler v. Stinson et al.*, 111 Or 243, 224 P 641 (1924), for the proposition that one is not entitled to rely upon a representation if he actually learns the true facts "or, 'when, after the representation, the party receiving it has given to him a sufficient opportunity of examining into the real facts, when his attention is directed to the sources of information, and he commences, or purports or professes to commence, an investigation. * * *' 2 Pomeroy's Equity Jurisprudence (3 ed.), §§ 892, 893." 111 Or at 251-52.

The defendants should not be allowed to avoid their obvious misrepresentation by stating that plaintiff should have found out they were not telling the truth. Moreover, the plaintiff relied on Whiteley's statement and did not conduct any independent investigation.

■ The defendants cannot argue that F & L (the corporation to which Whiteley conveyed the apartment

house) was entitled to a nonsuit and directed verdict because it did not engage in any of the misrepresentations, as that issue was not raised in either of the defendants' motions.

■ Lastly, the defendants contend that the court erred in failing to give a requested instruction raising a defense of waiver of the fraud and settlement of the controversy. As the defenses were not raised in defendants' answer which consisted of only a general denial, the trial court properly refused the instruction. *Halvorson v. Blue Mt. Prune Growers Co-op.*, 188 Or 661, 214 P2d 986, 217 P2d 254 (1950); *Williams v. Mount Hood Ry. & Power Co.*, 57 Or 251, 110 P 490, 111 P 17 (1910); CLE, 3 Plead. & Pract., Waiver & Estoppel § 133.9 (OSB 1969).

The record in this case indicates that the jury chose to believe plaintiff's witnesses and to disbelieve Whiteley's testimony. The case was fairly tried and properly submitted to the jury.

Affirmed.