WATKINS & FABER, a partnership, Plaintiff and Respondent,

v.

John M. WHITELEY, an Individual, and Intermountain Capital Corporation of Utah, a Utah corporation, Defendants and Appellants.

No. 15181.

Supreme Court of Utah.

April 13, 1978.

Robert J. DeBry, Valden P. Livingston, Salt Lake City, for defendants and appellants.

Rinehart Peshell, Harley W. Gustin, Salt Lake City, for plaintiff and respondent.

WILKINS, Justice:

Defendants appeal from an order of the District Court for Salt Lake County granting plaintiff's motion for summary judgment, which dismissed defendants' counterclaim relating to alleged malpractice on the part of the plaintiff law firm. Affirmed. Costs to plaintiff.

The counterclaim alleges that Walter P. Faber undertook to represent defendants at the trial of an action in the State of Oregon in which plaintiff therein, Investor's Equity Exchange (hereafter "Investors") had brought action against these defendants on the ground of fraud in connection with a contract for the exchange of property.

A recitation of the facts involved in the Oregon case is necessary for the consideration of the issues raised on this appeal. These were set forth in the abstracts of the Oregon record and affidavits submitted to the District Court for Salt Lake County when it considered the motion for summary judgment.

On or about January 23, 1971, Investors agreed to exchange its equity in an apartment building in Oregon for certain promissory notes payable by Taurus Enterprises to defendant Intermountain Capital Corporation of Utah (hereafter "Capital"), of which defendant Whiteley was president, said notes being secured by seven tractors and refrigerated trailers. Northwest Acceptance Corporation (hereafter "Northwest") had a security interest in the tractors which was superior to that of Capital. Investors was aware of Northwest's interest and agreed to assume and pay the debt owing to Northwest, as well as a similar debt payable to a different corporation on the trailers.

The debt owing to Northwest was represented by defendants to be current and in good standing. It was, however, delinquent. Northwest foreclosed on the tractors, and Investors was able to recover only the trailers. Investors then brought action in the Oregon Court against defendants alleging fraud and claiming damages in the amount of $70,000 [1] as the difference between the value of the equity in the tractors and trailers as represented by defendants, and the actual value of that property. The Oregon jury returned a verdict in favor of Investors, and against defendants in the amount of $66,757.

In their counterclaim in this action, defendants allege that the Oregon verdict was the result of negligence on the part of Walter P. Faber in representing defendants at trial. Generally, defendants allege that the Oregon jury used an incorrect measure of damages, one based on "lost profits", in reaching its verdict, and that Faber allowed the jury to err by failing to "instruct the court" on the law with regard to the proper measure of damages in fraud cases in Oregon. The Oregon Court however, properly instructed the jury as to the measure of damages as follows:

> The measure of damages in this type of case is the difference between the fair market value of that which the plaintiff actually received, and the fair market value of the property bargained for, if it had been as represented.[2]

Ironically this instruction states the measure of damages which defendants contend Faber should have insisted upon. We therefore conclude there is no merit in this argument.

Defendants specifically contend that there was not sufficient evidence presented to the Oregon jury to sustain its verdict of $66,757, and that Faber was negligent in not presenting evidence to support the proper measure of damages. The Oregon

---

1. The prayer was modified at close of evidence to a claim of $66,757, on motion of Investors' counsel.

2. See *Howard v. Merrick*, 145 Or. 573, 27 P.2d 891 (1933) wherein the Oregon Supreme Court set forth this rule as the measure of damages in actions in fraud.

Supreme Court, in its appellate review of the matter, however, found that the evidence was sufficient to support the verdict,[3] and this contention also is without merit.

Defendants also contend that the Oregon jury must have used an incorrect measure of damages since its verdict exceeded the damages alleged specifically on three claims of fraud in Investors' complaint. We find that this contention is also unfounded, as there is a fourth allegation of fraud contained in Investors' complaint; viz., that defendants misrepresented to Investors that the Northwest debt was current whereas it was in fact delinquent. The prayer for damages on this particular claim of fraud was $70,000, as noted supra.

Finally, defendants argue that Faber's negligence is a material fact at issue, and the District Court erred in granting summary judgment. Our review of the record shows that there is no genuine issue of fact with regard to Faber's negligence and plaintiff was therefore entitled to judgment as a matter of law.[4]

ELLETT, C. J., and CROCKETT, MAUGHAN and HALL, JJ., concur.

---

**3.** *Investors Exchange v. Whiteley*, 269 Or. 309, 524 P.2d 1211 (1974).

**4.** See Rule 56(c), Utah Rules of Civil Procedure.