## PACIFIC BUILDING *v.* STATE TAX COMMISSION

Norman K. Winslow, Salem, and Winslow, Harland, Winslow & Pierson, Salem, argued the cause for plaintiff.

Alfred B. Thomas, Assistant Attorney General, Salem, argued the cause for defendant.

Decision for plaintiff rendered January 6, 1965.

PETER M. GUNNAR, Judge.

Plaintiff sues to set aside defendant's Opinion and Order No. VL 64-196, affirming the Marion County Board of Equalization's finding of the true cash value of plaintiff's office building in Salem for the tax year 1963-64.

In a single cause of suit plaintiff alleges that the true cash value of $348,000 found by defendant should be reduced to $331,000 because (1) defendant is estopped to find a higher true cash value of plaintiff's building than $339,000 which it found for the tax year 1960-61, and (2) the building's true cash value on

January 1, 1963, was, in fact, $331,000 and not $348,000 as defendant found it.

Defendant demurs on the ground that the complaint does not state a cause of suit. Defendant contends that it is not estopped by its determination in a prior year and that, because plaintiff's claimed true cash value is less than ten per cent lower than defendant's valuation, the difference is within the area within which competent appraisers may vary and within which this court should not make any adjustment.

This court need consider defendant's second contention only. Plaintiff's single cause of suit validly states its valuation issue, unless defendant's second contention is sustained.

In asking this court to hold, as a matter of law, that the difference in value is so small that the suit does not lie, defendant relies on *Knappton Towboat Co. v. State Tax Commission,* 202 Or 618, 276 P2d 425, 277 P2d 763 (1954). That case announces no such rule. In that case, the Supreme Court held that the difference between the value of $230,000 found by the circuit court and defendant's value of $236,186 was within the reasonable range of expert variance. It sustained the commission's value. Defendant reads this decision as presenting not a factual conclusion, but the rule of law, that a given percentage of error must be alleged before the right to redress arises. The commission contends that the proper allowable percentage is ten per cent or less.

If such rule of law exists, it must apply in every case. A $2,000 difference in valuing a $20,000 property and a $2,000,000 variance in valuing a $20,000,000 property must be equally inconsequential. A ten per cent variance in valuing a house in a block of identical tract houses in which ten houses have sold within the

year must be just as valid and reasonable as a similar variance in valuing a very unique property. It seems patent to this court that the same percentage cannot apply in these varied situations. It seems patent that the allowable and reasonable variance between two competent and conscientious appraisers depends on the facts of the case at hand. In the above case of the tract home it may not be reasonable to allow a difference of over one per cent. In a truly unique property, a variance of 15 to 20 per cent might not be unreasonable. The allowable and reasonable variance may depend on the amount involved. The allowable and reasonable variance in appraisals also depends on the number and reliability of the tools which the appraisers have at hand in the particular appraisal. These factors present issues of fact in each case.

■ Therefore, the amount of variance which is reasonable and allowable in each case is an issue of fact. No particular amount of variance can be applied in every case as a rule of law. This court has recognized the principle of the *Knappton Towboat Co.* case in *Lundeen v. Commission,* 2 OTR 13 (1964). But in that case where it applied the ten per cent figure, it recognized, as it does here, that variance factors can affect the amount of variance allowable. It referred to the ten per cent figure as "normally" applying and it noted that "such small variation does *not necessarily* support defendant's order *conclusively.*" (Emphasis supplied) The *Lundeen* decision recognizes that the amount of variance allowable is an issue of fact not a rigid rule of law.

Defendant's demurrer must be overruled because it does not properly present a factual issue. See *Brown v. Siemans,* 117 Or 583, 590, 245 P 510 (1926). This court so ruled orally. It cannot rule on the estoppel

issue because in plaintiff's single cause of suit, the valuation issue is sufficient to sustain the complaint when attacked by demurrer. Defendant has declined in writing to plead further. Therefore, plaintiff's motion for a decree on the pleadings will be allowed. Plaintiff shall present a decree in accordance herewith under Rule 38.