# IN THE OREGON TAX COURT

## PORTLAND GENERAL ELECTRIC COMPANY
*v.*
## DEPARTMENT OF REVENUE
(TC 2358)

Donald N. Furman, Legal Department, Portland General Electric Company, Portland, represented plaintiff.

G. F. Bartz, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Ruling for plaintiff rendered October 29, 1985.

**CARL N. BYERS, Judge.**

This matter is before the court on defendant's motion to dismiss plaintiff's complaint for failure to state a cause of action. Defendant reasons that, although plaintiff has alleged the assessed value is in error, the assessed value and the value which plaintiff asserts is correct are so close that the court would be unable to distinguish between the two. Hence, the inexactness of valuations and appraisals make it impossible for the court to make the determination sought by plaintiff.

In support of its position, defendant cites cases

wherein the courts have recognized the imprecise nature of value. Defendant concludes that this recognition justifies or supports finding that alleging a difference of less than 10 percent from the assessed value is not a contest.

The position advocated by the defendant is not new. It was rejected by the court in *Pacific Building v. Commission,* 2 OTR 52 (1965). In that case the court rejected the argument that cases such as *Knappton Towboat Co. v. Chambers et al.,* 202 Or 618, 276 P2d 425, 277 P2d 763 (1954), authorizes such rule. In addition, the court on its own rejected the proposed rule. In doing so, it stated:

> "A ten percent variance in valuing a house in a block of identical tract houses in which ten houses have sold within the year must be just as valid and reasonable as a similar variance in valuing a very unique property. It seems patent to this court that the same percentage cannot apply in these varied situations. It seems patent that the allowable and reasonable variance between two competent and conscientious appraisers depends on the facts of the case at hand." (*Pacific Building, supra,* at 53-54.)

It is of no avail to cite appraisal theorists, authorities or valuation cases, all of which recognize the problems inherent in valuation. The layman on the street recognizes that value, like beauty, is relative and dependent upon "the eye of the beholder." Of course there is a range of value or there would never be negotiating over prices or terms. Of course the process is not exact; abstract concepts of value do not lend themselves to exact measurements or quantification. Of course no one argues that where property has no ready market any estimate of its market value is "tenuous." None of these accepted observations dissolves the dilemma.

■ Defendant overlooks the fact that what is being administered is a statutory scheme of ad valorem taxation. Unlike valuation theory and appraisals, the statutes specify a precise date and time for ascertaining the value. The statute assumes that an exact value can be ascertained and set and levies a tax on the basis of that precise number. In order to administer this very "practical" system, of necessity, some of the realities of life may be overridden by the need for administration.

■ As noted above, this position has previously been

advocated and considered by the courts. Presumably the legislature has been made aware of this issue and has declined to act. If anything is to be inferred from legislative history, it would seem to be in the other direction, *i.e.,* the legislature removed the presumption of rectitude on the part of the taxing authorities. This is not to say that all is well. In the interest of ad valorem tax administration, perhaps it would be well to require a party to assert a value difference greater than 10 percent (or some other percentage) in order to state a cause of action. As noted by the court in *Price v. Dept. of Rev.,* 7 OTR 18, 25 (1977):

> "[T]he plaintiff set himself an almost impossible task by seeking in this court a reduction in value of a personal residence which was within eight percent of the assessed value as established by the county board of equalization and the defendant!"

■ One other point must be considered in denying defendant's motion. Although the difference in values pled by the parties may not be great, the court is not limited to the range of values presented by the parties. Under the mandate of ORS 305.435 the court is charged with the duty of determining the value of property based upon the evidence presented. That determination may be higher or lower than any of the values pled by the parties.

In summary, the property tax system assumes that specific and precise values can be set for property. If the taxpayer alleges that the assessed value is in error and that the correct value is any amount less than the assessed value, he has stated a cause of action. Now, therefore, it is hereby

ORDERED that defendant's motion is denied and that it shall have 10 days to plead further.