Argued September 10, affirmed November 3, 1965

# PACIFIC BUILDING v. STATE TAX COMMISSION

407 P. 2d 263

*Alfred B. Thomas,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the briefs were Robert Y. Thornton, Attorney General, and A. W. Pedersen, Assistant Attorney General, Salem.

*Norman K. Winslow,* Salem, argued the cause and filed a brief for respondents.

Before McAllister, Chief Justice, and Perry, Denecke, Schwab and Lusk, Justices.

DENECKE, J.

The Marion County Board of Equalization fixed the true cash value of plaintiffs' real property at $348,000. The defendant Commission affirmed. Plaintiffs appealed to the Tax Court alleging that the true cash value was $331,000. The Commission demurred upon the ground that the complaint did not allege a cause of suit. The Tax Court overruled the demurrer; the Commission chose not to plead further; and the Tax Court entered judgment reducing the true cash value to $331,000. The Commission appeals.

■ The Commission's position is based upon the accepted proposition that the taxing authorities have some leeway in determining true cash value and their determination will not be disturbed unless it lies outside the area within which reasonable minds might differ on the true cash value. Here, the Commission contends that the determination of $348,000 as the true cash value should not be disturbed by a court unless the taxpayer is able to prove a true cash value substantially different from that figure.

An exact uncontrovertible determination of true cash value is almost impossible. That is the reason for the rule giving the taxing authorities some latitude in fixing such value. *Knappton Towboat Co. v. Chambers,* 202 Or 618, 623-625, 276 P2d 425, 277 P2d 763 (1954). However, here is one of those rare instances: there is an exact uncontrovertible true cash value fixed. The taxpayer alleged the true cash value

to be $331,000 and the Commission by demurrer admitted that this was the true cash value. See *Brown v. Siemens,* 117 Or 583, 590, 245 P 510 (1926), on the effect of a demurrer. The Commission's position, then, must be that while the actual true cash value is admitted to be $331,000, their determination of true cash value of $348,000 cannot be disturbed because it is close to the exact true cash value.

■ ■ It is obvious, viewed in this light, that the Commission's position is not correct. The statute requires property to be assessed at a percentage of its true cash value. When the true cash value is known, no other value can be used.

Affirmed.